[No. 5373.]
[No. 3022 C. A.]

## WRIGHT ET AL. V. ULRICH.

1. **Nuisance—Slaughter-Houses—Injunction by Owner of Dwelling.**

The owner of a dwelling house is entitled to an injunction to restrain the rebuilding and operation of a slaughter-house, where such operation causes the occupant of the dwelling house much annoyance and inconvenience because of the noxious odors and stenches arising therefrom.—P. 438.

2. **Limitation of Actions—Continuing Nuisance—When Limitation Begins to Run.**

The statute of limitations does not run against a continuing nuisance, and a party injured thereby can bring an action to abate such nuisance at any time unless estopped by some act or agreement.—P. 440.

*Appeal from the District Court of Fremont County.*

*Hon. M. S. Bailey, Judge.*

Action by Lucinda Ulrich against Samuel A. Wright and James L. Morgan, copartners doing business under the firm name of Wright & Morgan. From a judgment for plaintiff, defendants appeal. *Affirmed.*

Messrs. MAUPIN, McLAIN & WILKES, for appellants.

Messrs. TAYLOR & SAYRE, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

This suit was instituted in the district court of Fremont county by the appellee (plaintiff below) to restrain the appellants from rebuilding and operating a slaughter-house adjacent to plaintiff's premises and dwelling house, which she and her family had occupied for about twenty years.

It seems that the first slaughter-house, which had been erected some eight or ten years prior to the commencement of this suit, was destroyed by fire and that plaintiff had objected to the rebuilding of the house and had objected to and complained of the injury and inconvenience to her on account of the odors from the slaughter-house and its use, and the noise resulting from the keeping of cattle in pens adjacent to the slaughter-house.

The answer in effect is a denial of the allegations of the complaint and defendants also plead the statute of limitations.

The main contention of appellants as set forth in their brief is that there is not sufficient evidence to support the allegations of the complaint, that there is not sufficient evidence to support the judgment, and that the judgment is based upon "a remote sentiment of future possible annoyance, not warranted by the facts."

The record does not support this contention. It is clearly shown by the abstract, and the additional abstract filed by appellee, that the plaintiff had suffered much annoyance and inconvenience because of the odors and stenches which had emanated from the use of the slaughter-house. This is shown not only by the evidence of her own family, but strangers to the suit testified positively as to the sickening odors which had reached them from the slaughter-house at a point about the same distance therefrom as plaintiff's dwelling house. Indeed there was not very much conflicting testimony. However, this matter was submitted to a judicial determination and the court found as a fact that the maintenance and operation of the slaughter-house and its adjuncts by defendants, "constituted and constitutes a continuing nuisance, resulting in rendering plaintiff's occupancy of her dwelling house and premises de-

scribed in the complaint in this cause disagreeable
and uncomfortable by reason of the noxious vapors
and noisome smells and stenches emitted therefrom
which are a constant menace to the health of plain-
tiff and her family, materially impair the usefulness
of said property and greatly decrease its value.
That the damages to plaintiff therefrom are of such
a nature and character, of such proportions and so
peculiar to herself as to entitle her to equitable relief
herein.''

We think the findings of the court are amply
sustained by the evidence. We do not find any error
in the law as applied by the trial court to this case.
Without entering into an extended discussion of the
law concerning nuisances, both public and private,
the *City of Denver v. Mullen et al.*, 7 Colo. 345, fur-
nishes ample authority for the plaintiff to maintain
this action. The suit is manifestly to abate the nui-
sance, regardless of damages, and any private nui-
sance may be abated by the party aggrieved.

In Wood on Nuisances, § 22, it is said that the
question of what constitutes a nuisance is for the
court and not for the jury to determine; and whether
the results of a given business are so as to amount to
a public nuisance, is a question for the jury. In the
case at bar a jury was waived and trial was had to
the court, and the court passed upon both these ques-
tions adversely to the appellant. At page 692, Am.
& Eng. Enc. of Law, it is said: ''It may be laid
down broadly as a general rule that any act, omission
or use of property which results in polluting the
atmosphere with noxious or offensive effluvia, gases,
stenches, or vapors, thereby producing material phys-
ical discomfort and annoyance to those residing in
the vicinity, or injury to their health or property, is
a nuisance,'' and many cases are cited in support of
this doctrine. We know of no decisions to the con-

trary and none are pointed out to us. Page 697 of the same volume states: "When the noises made by animals kept in a residence neighborhood is of a distressing or annoying character, it is a nuisance."

The case was not barred by the statute of limitations. It is held in the case of *Home Supply Ditch Co. v. Hamlin,* 6 Colo. App. 341, that "the continuing of a trespass or nuisance from day to day is considered in law a several trespass on each day," and it was further held in that case that "the nuisance or trespass was continuous, and the subsequent damage continually being incurred, that the ditch company was liable until the nuisance was abated and the cause of damage removed, and that the law of continuing nuisances and continuing trespasses is, admittedly, the same." It follows that the plaintiff could have sought a decree abating the nuisance at any time during its existence unless she had estopped herself, by some act or agreement, to complain of the nuisance. No estoppel was pleaded, proven or claimed in the case at bar.

Perceiving no error in the record, the judgment is affirmed.                                    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.