548 P.2d 928 (1976)
Orion C. SHOCKLEY, Plaintiff-Appellant,
v.
GEORGETOWN VALLEY WATER AND SANITATION DISTRICT, and Town of Georgetown, a Municipal Corporation, Defendants-Appellees,
Georgetown Associates, Inc., and Haley, Patterson and Quirk, Inc., Defendants.
No. 75-400.
Colorado Court of Appeals, Div. III.
March 18, 1976.
Jerald J. Devitt, Golden, for plaintiff-appellant.
Stanley W. Cazier, Granby, for defendant-appellee Georgetown Valley Water and Sanitation Dist.
William L. Jones, Idaho Springs, for defendant-appellee City of Georgetown.
Selected for Official Publication.
*929 PIERCE, Judge.
Plaintiff, Orion Shockley, appeals from the dismissal of his action against Georgetown Valley Water & Sanitation District (the District) and the town of Gergetown (the Town). We reverse.
Shockley initiated this action in 1971, seeking damages and injunctive relief from a number of defendants in conjunction with an alleged diversion of Clear Creek. Shockley claimed that the defendants had engaged in or arranged for the cutting of a new channel for the watercourse, which channel went across his land destroying part of his property and rendering the remainder unusable. A third amended complaint was filed in 1974.
At that time, all of the remaining defendants filed motions to dismiss under C.R.C.P. 12(b)(5). The trial court granted the motions. Although the court did not enunciate the legal basis of its ruling, it is apparent from the record that the dismissal was based on a perceived absence of particularity in the complaint as to legal relationships between the defendants which the trial court held to be fatal, since, in its opinion, Shockley had had sufficient time to have "completed discovery" in this regard.
Shockley contends that, under the circumstances, dismissal for failure to state a claim under C.R.C.P. 12(b)(5) was error. We agree.
His complaint consisted of a fairly detailed recitation of facts pertaining to an alleged agreement between the defendants to hire a named individual to alter the course of Clear Creek in accordance with an engineering report for the development of certain real property. The complaint set forth the description of the acts allegedly committed in the course of the construction of the diversion, coupled with allegations of trespass, conspiracy, and gross negligence. It also set forth the location of the relevant property, the approximate date of the occurrence, a description of the various defendants, and a characterization of the types of liability asserted against each defendant.
The complaint was minimally sufficient to withstand a C.R.C.P. 12(b)(5) motion, since it stated the facts giving rise to the asserted claim, see Hutchinson v. Hutchinson, 149 Colo. 38, 367 P.2d 594, thereby giving fair notice to the defendants, enabling them to answer and prepare for trial. J & K Construction Co. v. Molton, 154 Colo. 214, 390 P.2d 68.
As we have noted, the occurrence upon which the claims are based was adequately delineated; only the precise factual and legal relationships between the various defendants, and between the defendants and the individual committing the tortious act, were stated in a general fashion. This was sufficient. In a complaint, a plaintiff need not set forth the underlying facts giving rise to the claim with precise particularity, especially as to those matters reasonably unknown to him and within the cognizance of the defendants.
If the challenged complaint sufficiently states a claim for relief, the trial court may not, as was done here, require the plaintiff to undertake discovery merely to withstand a motion to dismiss. If the defendants require more particularized information in order to answer the complaint, a motion under C.R.C.P. 12(e) or other discovery procedures would have been proper. No such action was taken in this case. Only where a complaint fails to give defendants notice of the claims asserted is dismissal under C.R.C.P. 12(b)(5) proper. Gold Uranium Mining Co. v. Chain O' Mines Operators, Inc., 128 Colo. 399, 262 P.2d 927.
Even though the basis of the dismissal was not stated by the trial court, the District and Town have asserted on appeal numerous matters in support of dismissal such as governmental immunity, certain municipal ordinances, and a court decree in another civil proceeding. These matters, which were only orally argued before the trial court and which were not substantiated *930 by affidavits, were not properly before that court in consideration of the motion to dismiss, and would not support the trial court's judgment even if it appeared from the record that dismissal was in fact entered in reliance on those arguments. See Brown v. Rosenbloom, 34 Colo.App. 109, 524 P.2d 626. Thus, for us to deal with these contentions in this opinion would be improper.
Since we hold that the allegations in the complaint sufficiently apprised the defendants of a properly assertable claim for relief, the trial court erred in dismissing the complaint under C.R.C.P. 12(b)(5), and we remand with directions that the trial court reinstate the third amended complaint.
Judgment reversed and the cause remanded with directions.
SMITH and BERMAN, JJ., concur.