Pamela PASTOR, Plaintiff-Appellee,

v.

SAN JUAN SCHOOL DISTRICT NO. 1,
Defendant-Appellant.

No. 83CA1296.

Colorado Court of Appeals,
Div. III.

March 14, 1985.

Hobbs Bethke & Associates, Vonda G. Hall, William P. Bethke, Denver, for plaintiff-appellee.

Law Offices of Reese Miller, P.C., Kenneth A. DeLay, Reese Miller, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, San Juan School District Number 1 (school district) appeals the trial

court's order requiring it to pay plaintiff, Pamela Pastor, a full-time tenured teacher employed by defendant, $2,958.68 for maternity leave benefits. We affirm.

In March 1981, plaintiff and the school district entered into a teaching contract for the 1981–82 school year. In September 1981, plaintiff requested maternity leave, pursuant to the school district's policy, commencing sometime in December and continuing through the 1981–82 school year. The pertinent language of the applicable school district policy states:

> "Maternity leave will be granted with full pay for the total number of accrued days of sick leave and at full pay less the substitute's regular pay within the same contract year."

In accordance with that policy, plaintiff specifically requested that she first exhaust her accrued sick leave days, receiving full pay and benefits therefor, and then begin to receive full pay less the cost of a substitute's regular pay for the remainder of the school year.

The superintendent of schools objected to plaintiff's request on the basis that it would "directly affect the efficiency of the school operation." The board of education on September 30, 1981, voted to deny plaintiff's leave request. The board later modified its position, however, and in early December 1981, granted plaintiff paid leave for 50 days pursuant to its maternity leave policy.

In February 1982, plaintiff again requested, pursuant to the pregnancy and maternity leave policy, extension of her maternity leave through the balance of the school year. At the March 2, 1982, meeting of the school board, the superintendent reversed his former position and recommended that the board grant plaintiff leave without pay to the end of the school year, noting that the efficiency of the school would *not* suffer if such leave were granted. The board approved this recommendation and granted plaintiff leave without pay pursuant to its "leave without pay policy," rather than pursuant to its "maternity leave policy."

The school district ceased payments to plaintiff after March 15, 1982, when her accumulated sick leave was depleted. Plaintiff initiated this action in July 1982, asserting that her extended leave from March 16 to the end of the school year was actually maternity leave. After a trial to the court, plaintiff was awarded full pay ($4,673.68) less the cost of a substitute ($1,715) for a total judgment of $2,958.68.

### I.

The school district first contends that the trial court erred in finding plaintiff's leave of absence from March 16, 1982, to the end of the school year was not taken under the district's maternity leave policy since it was granted under the school district's leave without pay policy. We disagree.

The leave without pay policy states in pertinent part that:

> "The superintendent may grant a regular employee time off without pay if all leave benefits have been used or *if the nature of the request is not covered by leave provisions....*"

This provision is inapplicable to the facts here since plaintiff's request *was* covered by the pregnancy and maternity leave policy in effect when plaintiff signed her contract with the school district. Plaintiff requested maternity leave, and it was pursuant to the terms of the school district's pregnancy and maternity leave policy that leave was first partially granted.

The trial court determined that the board initially granted maternity leave at full pay for 50 days commencing January 4, 1982, and then extended that maternity leave by granting plaintiff's request for continued leave. This finding is supported by the record and we will not disturb it on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

### II.

The school district next contends that the trial court erred in ruling that the school district had waived its earlier position that maternity leave would adversely affect

school efficiency when it granted plaintiff an unpaid leave of absence. We disagree.

■ While waiver is generally a question of fact, it becomes a question of law if, as here, the facts are uncontested and clearly established. *Tisdel v. Bank,* 90 Colo. 114, 6 P.2d 912 (1931); *Cordillera Corp. v. Heard,* 1 Colo.App. 537, 592 P.2d 12 (1978). Waiver may be shown by a course of conduct signifying a purpose not to stand on a right, leading one, by a reasonable inference, to the conclusion that the right in question will not be insisted upon. *See, Lease Finance Inc. v. Burger,* 40 Colo.App. 107, 575 P.2d 857 (1977).

■ The pregnancy and maternity leave policy does states: "Return to work shall be based on personal factors and the efficiency of school operation." But, even if we assume that this provision would permit the school district to dictate the length of necessary maternity leave, the superintendent stated at the March 1982 meeting that plaintiff's continued leave would not cause the efficiency of the school to suffer and, in response, the board granted plaintiff continued leave. As a matter of law, this conduct constituted a waiver of the board's earlier position.

■ Finally, the school district now argues that the trial court's calculation of damages was incorrect, but this issue was not raised in the motion for new trial, and thus, will not be considered on appeal. *Board of County Commissioners v. Blanning,* 29 Colo.App. 61, 479 P.2d 404 (1970).

Judgment affirmed.

STERNBERG and TURSI, JJ., concur.