Mary Louise PATEL,
Plaintiff–Appellant,

v.

Ainsley THOMAS and Richard Ceresko,
in their individual capacities, and De-
partment of Social Services, State of
Colorado, Defendants–Appellees.

No. 89CA0322.

Colorado Court of Appeals,
Division 5.

April 5, 1990.

Rehearing Denied May 3, 1990.

Raven, Gregson & Brodsky, Ronald E. Gregson, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Deena Aronowicz, Asst. Atty. Gen., Denver, for defendants-appellees Richard Ceresko and Dept. of Social Services, State of Colo.

Sheila H. Meer, P.C., Sheila H. Meer, James R. Gilsdorf, Denver, for defendant-appellee Ainsley Thomas.

Opinion by Judge DAVIDSON.

Plaintiff, Mary Louise Patel, appeals the trial court's dismissal under C.R.C.P. 12(b)(5) of her various claims arising from alleged sexual harassment on the job and her subsequent demotion. We affirm in part, and reverse in part.

In her complaint, Patel alleged that between June 1986 and October 1987, while she was employed as secretary in the Division of Veteran Affairs of defendant Department of Social Services, one of her supervisors, defendant Ainsley Thomas, "on separate occasions and during working hours ... against her will, grabbed her breasts, ran his hand up her legs, rubbed against her, followed her around the office, restricted her freedom of movement in her full awareness of the restriction, and made lewd, suggestive and aggressive comments."

She reported Thomas' conduct to another supervisor, defendant Ceresko, in or about September 1987. Ceresko, however, with whom Patel, at Ceresko's initiative, had engaged in a consensual relationship in 1985, took no action on Patel's behalf. Instead, he criticized Patel repeatedly for poor job performance and told other state employees that Patel was emotionally disturbed. In November 1987, Patel reported her treatment by both Thomas and Ceresko to the deputy director of the Department of Social Services, who, after investigating the matter, concluded that Patel had suffered "some sexual harrassment but no ill intent" and, apparently, took no remedial action. Finally, in late 1987, Patel was removed from the Division of Veteran Affairs and demoted to a lesser position in the Department of Social Services.

Throughout this period of time, Patel alleges that she suffered severe emotional harm which, in December 1987, resulted in a suicide attempt.

On May 2, 1988, Patel served defendants with a complaint containing nine claims for relief. Against all defendants, she instituted claims of defamation and outrageous conduct under the common law and of deprivation of her property and liberty rights to continued employment pursuant to 42 U.S.C. § 1983 (1982). Against Thomas and Ceresko she brought common law claims alleging invasion of privacy and tortious interference with her employment relationship, and against Thomas alone she brought common law claims of assault and battery and false imprisonment.

In response, defendants asserted that all claims should be dismissed: The § 1983 claims on the grounds that they were preempted by Title VII and that Patel had failed to exhaust her federal and state administrative remedies; the common law claims on the grounds that they were preempted by the exclusive remedy in the Workmen's Compensation Act, that they were barred by sovereign immunity and by Patel's failure to provide the state with a timely notice of claim as required by § 24-10-109(1), C.R.S. (1988 Repl.Vol. 10A), and that the notice provisions could not be tolled because of Patel's mental disability during the period of her suicide attempt.

The trial court dismissed the case without comment and denied Patel's motion for reconsideration. Patel then perfected this appeal.

## I.

■ Motions to dismiss for failure to state a claim are viewed with disfavor and may not be granted unless it appears that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972). The allegations of the complaint, which need not be set forth with precise particularity, *Schockley v. Georgetown Valley Water & Sanitation District*, 37 Colo.App. 434, 548 P.2d 928 (1976), must be taken as true, and if upon any theory of law relief should be granted, then the motion to dismiss cannot be sustained. *Regennitter v. Fowler*, 132 Colo. 489, 290 P.2d 223 (1955). In reviewing a dismissal, we are in the same position as the trial court. *McDonald v. Lakewood Country Club*, 170 Colo. 355, 461 P.2d 437 (1969).

Accordingly, and because the court did not explain its rationale for dismissing the action, we shall consider the propriety of dismissal under each ground raised by defendants in their motions to dismiss and challenged by plaintiff on appeal.

## II.

Patel first contends that the trial court erred in dismissing her two claims brought pursuant to 42 U.S.C. § 1983. She argues that the trial court erred as a matter of law insofar as it ruled that her § 1983 claims are preempted by the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1982). We agree.

■ Section 1983 does not create substantive rights, but rather provides a remedy for the violation of rights created elsewhere in the Constitution or laws of the United States. *Allen v. Denver Public School Board*, (D.Colo. # 88-F-637, April

11, 1989) *citing Chapman v. Houston Welfare Rights Organizations*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

Because Title VII creates both a right to be free from discrimination and a complex administrative remedy therefor, some courts have held that its scheme, rather than the simpler one provided by § 1983, must be followed if the only source of the right to be remedied is Title VII itself. *E.g., Tafoya v. Adams*, 612 F.Supp. 1097 (D.Colo.1985), *aff'd on narrower grounds*, 816 F.2d 555 (10th Cir.1987), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987). However, the goals and legislative history of Title VII have persuaded both the federal and state courts in Colorado that "it is clear that Title VII does *not* preclude a § 1983 claim where the latter is based on a violation of rights created by the Constitution or other federal statutory schemes." *Allen v. Denver Public School Board, supra* (emphasis in original); *see Brown v. Hartshorne Public School District*, 864 F.2d 680 (10th Cir.1988); *Montoya v. City of Colorado Springs*, 770 P.2d 1358 (Colo.App.1989); *see also Keller v. Prince George's County*, 827 F.2d 952 (4th Cir.1987).

Thus, in determining whether a claim brought under § 1983 that could also be pursued under Title VII should be dismissed on the ground of preemption, our inquiry focuses on whether the claim has a substantive federal basis other than Title VII. If it does, dismissal is improper.

■ Here, plaintiff has alleged substantive violations of two provisions of the Fourteenth Amendment: First, of her property right in continued employment, and second, of her liberty interest in being free from curtailed employment opportunities resulting from publication of false and stigmatizing information. Each of these provisions can provide a legitimate substantive basis for a § 1983 action independent of Title VII, *see Asbill v. Housing Authority*, 726 F.2d 1499 (10th Cir.1984), and each is supported by factual allegations in plaintiff's complaint. In addition, plaintiff's allegations involving sexual harassment support an action under § 1983 for violation of

the Equal Protection Clause. *Bohen v. City of East Chicago*, 799 F.2d 1180 (7th Cir.1986). Therefore, we conclude that it was error for the trial court to dismiss plaintiff's § 1983 claims on the basis of Title VII preemption.

Neither party has raised the issue whether, in light of the United States Supreme Court's holding in *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Colorado Department of Social Services is a proper § 1983 defendant. Therefore, we do not discuss it.

### III.

Patel next asserts that the trial court erred insofar as it dismissed either her § 1983 or her common law claims on the ground that she had failed to exhaust her state and federal administrative remedies. Again, we agree.

■ The only federal administrative remedy that defendants maintain Patel "failed" to exhaust is that set forth in Title VII. As discussed above, plaintiff is not subject to the requirements of Title VII because she alleged independent constitutional grounds for her § 1983 action.

The state administrative scheme that defendants assert Patel should have pursued is the State Personnel Board grievance procedure, as set forth in 4 Code Colo.Reg. § 801-1 (1988).

■ The Supreme Court has made clear that the supremacy clause and the remedial purpose of § 1983 to redress civil rights violations made under color of state law prevent the state from enforcing administrative procedures as prerequisites to a § 1983 action, *Patsy v. Florida Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), even when the § 1983 action is brought in state court. *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). Thus, Patel's failure to file a grievance with the personnel board cannot bar her § 1983 claims.

Nor does it bar her common law tort claims.

■ Although a plaintiff's failure to exhaust administrative remedies can in many cases deprive the courts of jurisdiction to grant relief, *Gramiger v. Crowley*, 660 P.2d 1279 (Colo.1983), the exhaustion doctrine is not absolute. The requirement will be dispensed with when the "existing administrative remedies are ill-adapted to providing the relief sought, and when the matter in controversy raises questions of law rather than issues committed to administrative discretion and expertise." *Collopy v. Wildlife Commission*, 625 P.2d 994 (Colo.1981). Inadequacy of the administrative relief is usually sufficient to justify bypassing the administrative procedure. *Oil Shale Corp. v. Udall*, 235 F.Supp. 606 (D.Colo.1969); *see Gramiger v. Crowley, supra.*

■ Here, although the personnel board could have investigated whether sexual harrassment occurred and ordered limited remedies, it has neither the expertise to handle all of Patel's claims nor the power to provide an appropriate remedy for plaintiff's damages, *i.e.*, compensation for her mental anguish. Hence, the procedure was one that plaintiff could bypass without forfeiting her right to judicial remedy in tort.

### IV.

Similarly, we agree with Patel that the allegations in the complaint do not justify dismissal of her common law tort claims on the ground that her exclusive remedy is through the Workmen's Compensation Act.

The Workmen's Compensation Act, § 8–40–101, et seq., C.R.S. (1986 Repl.Vol. 3B) provides the exclusive remedy to a covered employee for injuries sustained while the employee is performing services arising out of and in the course of employment and which themselves are proximately caused by injury or occupational disease arising out of and in the course of employment. Section 8–52–102(1), C.R.S. (1986 Repl.Vol. 3B); *In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo.1988).

Here, the parties do not contend that Patel's position was not covered by the Workmen's Compensation Act, or that her injuries were not sustained while she was performing services arising out of and in the course of her employment. Thus, the question presented in this motion to dismiss is whether the complaint presents any set of facts from which it may be inferred that Patel's injuries were not proximately caused by an injury or occupational disease arising out of and in the course of employment.

An injury has been suffered "in the course of employment" when "the time, place, and circumstances [thereof] were not so remote from the purposes of [the claimant's] employment that the act in which [s]he was engaged when injury occurred must be considered one for [her] benefit ... only." *Bennett v. Furr's Cafeterias, Inc.*, 549 F.Supp. 887 (D.Colo.1982), *quoting Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976); *see In re Question, supra.*

Taking the allegations of the pleadings as true—including the statement that Thomas' assaults, which triggered the initial injuries, occurred "during working hours on the premises which housed Veteran Affairs"—we must conclude that Patel's ultimate injuries were proximately caused by injuries suffered in the scope of her employment.

■ Whether her injuries "arose out of" her employment, however, is a more complex question, involving an analysis of whether there is a sufficient nexus between the employment and the injury. *In re Question, supra.* To assist in the analysis, Colorado has adopted the positional-risk test, which, in the case of an assault by a co-worker, asks "whether the employee, in the course of her employment, was reasonably required to be at a particular place at a particular time and there met with a 'neutral force,' meaning that any other person then and there present would have met with attack." *In re Question, supra.* If the assault, rather than having a neutral source, arose from a private dispute or relationship, the employment nexus is not satisfied. *See Velasquez v. Industrial Commission*, 41 Colo.App. 201, 581

P.2d 748 (1978); 1 A. Larson, *The Law of Workmen's Compensation* § 11.22 (1989).

Ultimately, "the totality of the circumstances must be examined in each case to see whether there is a sufficient nexus between the employment and the injury." *In re Question, supra, quoting Denver School District No. 1 v. Industrial Commission,* 196 Colo. 131, 581 P.2d 1162 (1972). Because of the factual particularity of the inquiry, dismissal of a complaint under C.R.C.P. 12(b)(5) based on the exclusivity provisions of the Workmen's Compensation Act is seldom appropriate.

Here, unlike the circumstances in *In re Question,* in which the parties agreed that there was no private motivation for the attack, the complaint implies that Thomas specifically chose Patel as his victim and that both he and Ceresko may have mistreated her because some two years previously Ceresko had successfully initiated a private sexual relationship with Patel. In light of these factual circumstances, we cannot conclude as a matter of law that Patel's injuries arose out of her employment nor, therefore, that she can prove no set of facts to exempt her from the exclusivity provisions of the Workmen's Compensation Act. Hence, insofar as the trial court dismissed Patel's common law claims on this ground, it erred.

## V.

◼ While conceding that her common law claims of defamation and outrageous conduct against the Department of Social Services are barred by the provisions of the Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), Patel asserts that none of her common law claims against the individual defendants are so barred because these defendants' actions were willful and wanton. We agree that dismissal was inappropriate.

Section 24–10–118(2) C.R.S. (1988 Repl. Vol. 10A) provides that:

> "A public employee shall be immune from liability in any claim for injury, whether brought pursuant to this article ... the common law, or otherwise, which lies in tort or could lie in tort ... *unless*

the act or omission causing such injury was *willful and wanton....*" (emphasis added)

Hence, unless the complaint discloses that Patel could prove no set of facts to support a finding that Thomas and Ceresko acted willfully, dismissal of the common law claims against them based on the Governmental Immunity Act cannot be sustained.

We cannot so conclude. We consider both the explicit sexual advances allegedly made by Thomas and the alleged exploitation of Patel's sensitive state by Ceresko after Patel had entrusted him with combatting Thomas' attacks are sufficient to withstand a motion to dismiss. *See Wing v. J.M.B. Property Management Corp.,* 714 P.2d 916 (Colo.App.1986).

## VI.

◼ Finally, Patel asserts that the trial court erred in dismissing her complaint for failure to file a timely notice of claim with the Department of Social Services. We also agree with this contention.

Section 24–10–109(1), C.R.S. (1988 Rep. Vol. 10A) requires anyone claiming to have suffered an injury by a public entity or employee thereof while in the course of such employment to file a written notice of claim within 180 days of discovery of the injury as a jurisdictional prerequisite to suit under the provisions of the article.

Defendants concede that notice is not a prerequisite to plaintiff's claims under § 1983, *see Felder v. Casey, supra,* but argue that the untimeliness of her notice does bar the common law claims.

Because the parties have not raised it, we do not reach the question of whether the notice provisions of § 24–10–109 must be met in a suit against public employees alleging willful and wanton conduct. Even if we assume that such notice is required, we conclude that the notice provided by Patel was timely and, consequently, that dismissal on the basis of untimely notice was incorrect.

Defendants assert that dismissal on this ground was proper because Patel did not

file her notice of claim until March 9, 1988, more than 180 days after the alleged sexual advances Thomas initiated between June 1986 and September 11, 1987, and because these advances were injuries that were discoverable upon occurrence.

Defendants' argument fails for two reasons. First, even if we were to accept defendants' premise that each sexual advance was an injury unto itself for which the limitations period immediately begins to run, some of defendants' acts are alleged to have taken place within 180 days prior to filing of the notice. Thomas' acts allegedly continued through October 1, 1987, several weeks within the 180–day time frame. Thus, at least those acts occurring between September 11 and October 1 should not have been barred. Contrary to defendants' assertion, plaintiff's complaint to Ceresko, "in or about September 1987," did not establish a cut-off date for Thomas' assaults. Furthermore, almost all the allegations against Ceresko involve incidents taking place within the statutory limit, as did Patel's demotion and suicide attempt.

Second, in relation to the common law claims specifically based on Thomas' alleged assaults, we cannot accept defendant's premise that each sexual assault is a distinct injury triggering the running of the notice of claims limitations period.

In substance, Patel's complaint does not seek recovery for several discrete assaults by Thomas, but rather for a single ongoing assault embodied in a pattern of sexual harassment.

A viable action based on sexual harassment generally does not accrue after a single act. The offensive conduct must be repeated, *Bohen v. City of East Chicago, supra,* or at least be "sufficiently severe or pervasive as 'to alter the conditions of the victim's employment and create an abusive working environment.'" *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *see Barrett v. Omaha National Bank,* 584 F.Supp. 22 (D.Neb.1983), *aff'd* 726 F.2d 424 (8th Cir.1984). Hence, the exact moment at which the harassment matures into a compensable injury is elusive.

In a cause of action of this nature it is inappropriate to compartmentalize the sexual advances by date and bar claims based in part on incidents occurring before a notice of claims limitations period. Unless the actions complained of are discrete, unrelated acts, suits based in part thereon should be allowed as part of a continuing violation as long as one instance of the practice occurs within the limitations period. *See Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537 (10th Cir.1987); *see also Clark v. Machette,* 92 Colo. 365, 21 P.2d 182 (1933) (conspiracy claim evidenced in part by assaults and other acts occurring prior to statute of limitations not barred); *Wright v. Ulrich,* 40 Colo. 437, 91 P. 43 (1907) (because a nuisance or trespass is continuous, plaintiff may seek a decree abating it at any time during its existence unless she has estopped herself by some act or agreement).

To the extent that plaintiff's common law claims are based on discrete incidents, such as Thomas' allegedly defamatory statements about his sexual relationship with Patel, the notice of claims statute could operate as a bar. *See Russell v. McMillen,* 685 P.2d 255 (Colo.App.1984). However, the complaint indicates that the defamatory statements were made within the limitations period and, therefore, that dismissal of these claims at this early stage in the proceedings is unwarranted.

The above disposition of this issue renders unnecessary our consideration of whether the notice of claims limitation period may be tolled during Patel's mental disability.

The dismissal of plaintiff's claims of defamation and outrageous conduct against defendant Department of Social Services is affirmed. The dismissal of the remaining claims against all defendants is reversed, and the cause is remanded for further proceedings consistent with this opinion.

NEY and RULAND, JJ., concur.