**HIGH COUNTRY MOVIN', INC.,**
**a Colorado corporation,**
**Plaintiff–Appellant,**

v.

**U.S. WEST DIRECT COMPANY,**
**a Colorado corporation,**
**Defendant–Appellee.**

No. 91CA0196.

Colorado Court of Appeals,
Div. IV.

Feb. 27, 1992.

Rehearing Denied May 14, 1992.

Certiorari Denied Nov. 9, 1992.

John F. Griebel, Richard J. Lesch, Denver, for plaintiff-appellant.

Maurice Reuler & Associates, P.C., Maurice Reuler, Robert W. Becker, Denver, for defendant-appellee.

Opinion by Judge NEY.

Plaintiff, High Country Movin', Inc., appeals the summary judgment entered in favor of defendant, U.S. West Direct Company. We affirm.

In 1983, plaintiff began purchasing classified advertisements under the heading "Movers" in the Yellow Pages directories published by defendant. In 1989, plaintiff commenced this action, claiming that in the directories issued during the years 1985–1987, defendant had violated its established publication procedures by improperly positioning plaintiff's advertisements toward the back of the "Movers" section. In its complaint, plaintiff also alleged that, following the publication of each of these directories, defendant had acknowledged the placements were erroneous and had promised the errors would not be repeated. Plaintiff sought recovery under theories of negligence and breach of contract.

Defendant moved for summary judgment, arguing plaintiff could not recover because each of the annual advertising contracts that were executed by the parties contained a general integration clause and a prominent disclaimer stating: "[n]o specific position for display advertising is

guaranteed in any issue." Relying on these contract provisions, the trial court entered summary judgment for defendant.

## I.

On appeal, plaintiff asserts that its claim of negligence was, in reality, a claim for negligent misrepresentation and that its allegations regarding defendant's oral assurances present disputed issues of fact precluding summary judgment. This contention is without merit.

Colorado has adopted Restatement (Second) of Torts § 552 (1965) regarding the elements necessary to state a claim for negligent misrepresentation. *See Keller v. A.O. Smith Harvestore Products, Inc.*, 819 P.2d 69 (Colo.1991); *First National Bank v. Collins*, 44 Colo.App. 228, 616 P.2d 154 (1980). That Restatement section provides in relevant part:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

■ Here, plaintiff readily acknowledges that a party seeking to establish a claim for negligent misrepresentation must show the defendant failed to act reasonably in ascertaining the accuracy of the information supplied or in communicating the information. *See Ebrahimi v. E.F. Hutton & Co.*, 794 P.2d 1015 (Colo.App.1989). However, despite this acknowledgment, plaintiff does not claim that defendant was in any way negligent in making the promises regarding the placement of the advertisements; instead, plaintiff asserts that defendant may be held liable for negligently failing to perform as promised.

■ In as much as the tort doctrine of negligent misrepresentation applies only when there has been a misrepresentation of an existing fact, this assertion is clearly untenable. Thus, contrary to the position taken by plaintiff, a claim of negligent misrepresentation cannot be based solely on the nonperformance of a promise to do something at a future time. *Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259 (10th Cir.1989); *City of Warrensburg v. RCA Corp.*, 571 F.Supp. 743 (W.D.Mo.1983).

■ Here, the asserted failure of defendant to perform as promised constitutes, in essence, a breach of contract claim. And, as such, recovery thereon was precluded by the disclaimer in the contract. To the extent that plaintiff asserts a claim based on deceit, we conclude this contention fails because there were no assertions or evidence that at the time the plaintiff was given the assurances the defendant had no intent to comply with those representations. Restatement (Second) of Torts § 530 (1965), entitled "Misrepresentation of Intention." The Comment on Restatement (Second) of Torts § 530(1) (1965) (paragraph b) provides in pertinent part:

> To be actionable the statement of the maker's own intention must be fraudulent, which is to say that he must in fact not have the intention stated.... If the statement is honestly made and the intention in fact exists, one who acts in justifiable reliance upon it cannot maintain an action of deceit if the maker for any reason changes his mind and fails or refuses to carry his expressed intention into effect. If the recipient wishes to have legal assurance that the intention honestly entertained will be carried out, he must see that it is expressed in the form of an enforceable contract, and his action must be on the contract.

Applying this analysis, we conclude that the trial court did not err in entering summary judgment in favor of defendant.

## II.

Plaintiff also asserts that the entry of summary judgment was improper because there were material issues of fact concerning whether defendant had waived its rights under the contract disclaimers by acknowledging the placement errors and

promising to correct them in future directories. We disagree.

■ Waiver of a contract term occurs when a party to the contract is entitled to assert a particular right, knows the right exists, but intentionally abandons that right. *Ebrahimi v. E.F. Hutton & Co.*, *supra.* Waiver may be shown by a course of conduct signifying a purpose not to stand on a right, leading one, by a reasonable inference, to the conclusion that the right in question will not be insisted upon. *Pastor v. San Juan School District No. 1*, 699 P.2d 418 (Colo.App.1985).

■ Here, plaintiff concedes that, despite the alleged acknowledgements and assurances by defendant, the parties continued to execute written contracts containing disclaimer provisions. Under these circumstances, we conclude that defendant's conduct did not amount to a voluntary relinquishment of its rights under those provisions.

Plaintiff's remaining contentions are without merit.

The judgment is affirmed.

MARQUEZ, J., concurs.

DUBOFSKY, J., dissents.

Judge DUBOFSKY dissenting.

I respectfully dissent.

Plaintiff was apparently formed in the early 1980's, and, as a moving company, was very dependent on Yellow Page advertising for its business and income. Plaintiff's complaint alleged that its advertisement was initially placed towards the beginning of the Yellow Page section for "Movers." But, it asserts that between 1985 and 1987, its advertisement was mistakenly placed further towards the end of the "Movers" section and that this placement was contrary to representations that defendant had made to it. Plaintiff's complaint also alleged that defendant's employees indicated that, if plaintiff continued advertising in the Yellow Pages, the advertisement's positioning would improve because over time the advertisement would be moved nearer to the beginning of the "Movers" section.

Plaintiff's complaint also alleged that the nearer its Yellow Page advertisement was to the beginning of the "Movers" section, the more business and income it obtained. It further alleged that because of the erroneous placement of its advertisement by defendant, its business deteriorated and ultimately failed.

Plaintiff further alleged that, in 1985, 1986, and 1987, it specifically approached defendant's employee and complained of the erroneous and detrimental placement of its advertisement. Further it alleges that each time it complained, it was reassured that an error had been made but would be or had been corrected. Several times, plaintiff's complaint specifically states:

> The Plaintiff reminded the representative of the errors made by Defendant in the preceding years directory and was given assurance to induce plaintiff to continue its relationship that the errors would be or *had been* corrected. (emphasis added)

In my view, plaintiff's complaint adequately states a claim of negligent misrepresentation. As previously indicated, the complaint maintains that between 1985 and 1987, the position of its advertising was never returned to the position to which it was entitled. Furthermore, the complaint states that defendant erroneously informed plaintiff that prior placement errors had been corrected. If true, such statement by defendant's representative would constitute, at the least, a negligent misrepresentation of a past fact.

However, assuming *arguendo* that plaintiff's complaint does not state adequately the misrepresentation of a past fact, I would still conclude that the complaint states a claim upon which relief can be granted and that its dismissal was therefore improper.

Although the majority correctly states the general rule that fraud or negligent misrepresentation would not ordinarily be predicated on unfulfilled promises or statements as to future events, to me, this case falls within one of the recognized exceptions to that rule.

In *Ward Development Co., Inc. v. Ingrao*, 63 Md.App. 645, 493 A.2d 421 (1985), the court addressed the issue of whether the oral negligent misrepresentations by developers and sellers of new housing to buyers concerning the future costs of sewer and water connections stated a cause of action. In ruling that the claim was viable, the *Ward* court stated that the general rule is inapplicable if the person making the misrepresentation purports to be specially knowledgeable in the particular field in which the representations are made. Further, since the developer and selling agent of the subdivision in *Ward* had held themselves out as specially knowledgeable as to the charges for sewer and water connections, the court found the homeowners were entitled to rely on their future estimate. *See* 37 C.J.S. *Fraud* § 11 ("Where a relation of trust and confidence exists between two parties, so that one of them places peculiar reliance in the other's trustworthiness, the latter is liable for representations as to future conduct, and not merely as to past facts.")

In a somewhat similar vein, this court in *First National Bank v. Collins*, 44 Colo. App. 228, 616 P.2d 154 (1980), upheld a claim based, in part, on a representation as to the future profits of the business being sold. In that case, the agent of the seller of the business purported to have specialized knowledge and the buyer was dependent on that agent.

I view *First National Bank* as implicitly recognizing the principle that a misrepresentation of a future matter is actionable if the party making the misrepresentations is knowledgeable about the subject of the statement.

The general principle that a deceit action cannot be predicated on unfulfilled promises or statements as to future events is applicable to both negligent misrepresentation and fraud claims. *See Lowell Staats Mining Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259 (10th Cir.1989). Hence, logically, the exceptions or limitations to this general principle of fraud would also apply to the tort of negligent misrepresentation. *See Ward, supra.*

Here, defendant is a major corporation with specialized knowledge about its Yellow Page advertising program. There is also a dependent relationship between the defendant and its clients. Thus, since defendant had specialized knowledge and plaintiff was dependent on defendant for this information, plaintiff's allegations concerning the "future promise" of defendant were sufficient to state a claim upon which relief could be granted.

I also consider that the statements of defendant, when considered in the circumstances and context in which they were made, necessarily include a misstatement of the facts on which they were based and, for this reason, an exception to the future fraudulent misrepresentation rule is present here.

In my view, defendant's statements to plaintiff that, if plaintiff participated in the Yellow Page advertising program, its advertising position would improve over time was actually a representation of the policies of U.S. West Direct Company that Yellow Page subscribers have been and will *always* be treated on this basis. Here, the complaint specifically referenced several instances of previous advertising placement errors made by defendant. Furthermore, defendant's waiver/disclaimer clause is also evidence that defendant had erred in the past in placing its advertisements. Moreover, the thrust of plaintiff's complaint, which must be construed in favor of the pleader, *see Shockley v. Georgetown Valley Water & Sanitation District*, 37 Colo.App. 434, 548 P.2d 928 (1976), implicitly indicates that defendant misrepresented the prior accuracy of the placement of its advertisements.

Furthermore, the torts of negligent misrepresentation and fraud largely focus on the state of mind of the corporation's employees. In this setting, courts should be extremely reluctant to enter summary judgment. *Hatfield v. Barnes*, 115 Colo. 30, 168 P.2d 552 (1946).

For these reasons, I dissent.