**Dr. Jerry BARHAM, Plaintiff–Appellee and Cross–Appellant,**

v.

**Vincent SCALIA, the University of Northern Colorado, and the Board of Trustees of the University of Northern Colorado, Defendants–Appellants and Cross–Appellees.**

No. 95CA1789.

Colorado Court of Appeals, Div. V.

Nov. 7, 1996.

Bucholtz, Bull & Ewing, P.C., Alan H. Bucholtz, Denver, for Plaintiff–Appellee and Cross–Appellant.

Hall & Evans, L.L.C., Pamela Skelton, Denver, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge CASEBOLT.

Defendants, the Board of Trustees of the University of Northern Colorado (Board) and Vincent Scalia, appeal the trial court's order denying, in part, their motion to dismiss the complaint of plaintiff, Jerry Barham, on the basis of sovereign immunity. Barham cross-appeals a part of the trial court's order granting defendants' motion. We affirm in part, reverse in part, and remand with directions.

This action arises from the Board's termination of Barham's employment as a tenured professor at the University of Northern Colorado (UNC). Barham had been employed at UNC from 1964 to the time of his termination in January 1995. At that time, Scalia was the Dean of the College of Health and Human Services and oversaw the Department of Kinesiology and Physical Education (Department) where Barham was assigned.

As pertinent here, Barham asserted in his complaint that: (1) Scalia intentionally and in willful and wanton disregard of his rights interfered with his contract of employment; (2) Scalia's actions constituted outrageous conduct; and (3) the Board, by ratifying Scalia's actions, also engaged in outrageous conduct.

The Board and Scalia filed a motion to dismiss these claims for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). They ar-

gued that the claims did not fall within any of the provisions for which immunity had been waived and that Barham had failed to comply with the notice of claim and pleading requirements of the GIA.

In response, Barham argued that the GIA provides immunity only for injuries caused by a public employee in the course and scope of such employment. He argued that, because he had alleged that Scalia had acted outside the course and scope of his employment in a willful and wanton manner, no notice of claim was required. To the extent that any such notice was required, Barham argued that he had given proper notice. Barham also argued that the complaint stated sufficient facts to comply with the pleading requirements of the GIA.

The trial court denied defendants' motion as to Barham's claim against Scalia for intentional interference with contract to the extent that the complaint stated a claim for relief based on conduct outside the scope of Scalia's employment. However, the court granted defendants' motion as to any conduct alleged to be within the scope of his employment on the basis that Barham did not provide Scalia personally with a notice of claim in accordance with § 24–10–109, C.R.S. (1988 Repl. Vol. 10A) of the GIA.

The trial court dismissed Barham's claim for outrageous conduct against Scalia and the Board with regard to any acts of Scalia that were alleged to be within the scope of his employment. To the extent that Barham had alleged that the actions of Scalia were outside the scope of his employment, the trial court denied defendants' motion.

## I.

Defendants contend that, because Barham failed to comply with the notice of claim requirements in § 24–10–109 and § 24–10–118, C.R.S. (1988 Repl.Vol. 10A), the trial court erred in not dismissing Barham's claims for intentional interference with contract and outrageous conduct. We disagree.

Section 24–10–118(1)(a), C.R.S. (1996 Cum. Supp.) provides that compliance with § 24–10–109 in the form and within the times provided therein shall be a jurisdictional prerequisite to an action against a public employee.

Section 24–10–109 requires a claimant to provide notice of claim to the public entity within 180 days of the date of discovery of the injury. *See East Lakewood Sanitation District v. District Court,* 842 P.2d 233 (Colo. 1992); *Armstead v. Memorial Hospital,* 892 P.2d 450 (Colo.App.1995). If the claim is against the state or an employee thereof, the notice is to be filed with the attorney general. If the claim is against any other public entity or an employee thereof, the notice must be filed with the governing body of the public entity or the attorney representing the public entity. *See* § 24–10–109(3), C.R.S. (1988 Repl.Vol. 10A).

■ Compliance with the 180–day notice requirement in § 24–10–109(1), C.R.S. (1996 Cum.Supp.) is a jurisdictional prerequisite to suit. *Regional Transportation District v. Lopez,* 916 P.2d 1187 (Colo.1996). However, a claimant need only substantially comply with the requirements concerning the contents of the notice given and the method of service. *See Regional Transportation District v. Lopez, supra; East Lakewood Sanitation District v. District Court, supra; Nyland v. Brock,* —— P.2d —— (Colo.App. No. 95CA0847, June 27, 1996).

## A.

Scalia contends that, pursuant to §§ 24–10–109 and 24–10–118, Barham was required, but failed, to provide him or his attorney with notice of the claim. Accordingly, Scalia argues that the trial court erred in not dismissing the claims asserted against him for intentional interference with contract and outrageous conduct. We disagree.

■ Contrary to Scalia's contention, there is no requirement in § 24–10–109 or § 24–10–118 that notice of a claim be provided to a public ,employee or that employee's attorney. Rather, the statute requires only

that a notice be sent to the attorney general when the state is involved, or to the governing body of the public entity involved or that entity's attorney. Indeed, the purposes of the notice requirement are to permit a *public entity* to conduct a prompt investigation of the claim, to remedy any dangerous condition, to make adequate fiscal arrangements to meet any potential liability, and to prepare a defense to the claim. *See Woodsmall v. Regional Transportation District,* 800 P.2d 63 (Colo.1990).

We find no basis for, and thus reject, Scalia's contention that the term "public employee" should be substituted for the term "public entity" in § 24–10–109. Nothing in *Uberoi v. University of Colorado,* 713 P.2d 894 (Colo.1986), relied upon by Scalia, so states or requires.

■ We therefore conclude that Barham was not required to provide a notice of claim to Scalia or his attorney. For the same reasons, we reject the Board's contention that Barham's notices of claim directed to it failed to comply with the terms of § 24–10–109. Further, in light of these determinations, we need not address Scalia's contentions that the notices were inadequate as to him.

### B.

The Board contends that the trial court erred in failing to dismiss Barham's claim against it for outrageous conduct because Barham's notices of claim were insufficient to determine whether it should assume the defense of its public employee as set forth in § 24–10–110(4), C.R.S. (1988 Repl.Vol. 10A). However, in light of our determination in Part III below that Barham's claim for outrageous conduct against the Board is barred by the GIA, we need not address this contention.

### C.

Defendants' remaining contentions on other grounds concerning the adequacy of the notice given are without merit.

### II.

Scalia contends that the trial court erred in failing to dismiss Barham's claims against him for intentional interference with contract and outrageous conduct because Barham did not allege a specific factual basis for these claims as required by § 24–10–110(5), C.R.S. (1996 Cum.Supp.) of the GIA. We disagree.

Section 24–10–110(5) provides in pertinent part that:

(a) In any action in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint.

(b) Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted.

At the outset, we note that the trial court did not specifically rule on this contention.

■ Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is to be determined by the court. *See Moody v. Ungerer,* 885 P.2d 200 (Colo.1994); *Jarvis v. Deyoe,* 892 P.2d 398 (Colo.App.1994). However, when there are disputed issues of fact, a well pleaded claim asserting that an employee acted willfully and wantonly must await determination at trial on the merits. *City of Lakewood v. Brace,* 919 P.2d 231 (Colo.1996); *Patel v. Thomas,* 793 P.2d 632 (Colo.App. 1990).

■ A claim based on outrageous conduct intrinsically contains issues concerning willful and wanton conduct. *See Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970) (outrageous conduct involves acts that go beyond all bounds of decency and are so atrocious that they are utterly intolerable in a civilized community).

■ However, we recognize that the mere firing of an employee, without conduct specif-

ically calculated to cause emotional distress to the employee, is not enough to support a claim based on outrageous conduct. *Bigby v. Big 3 Supply Co.,* —— P.2d ——, 1996 WL 317003 (Colo.App. No. 94CA1819, June 13, 1996).

■ Here, in his complaint, Barham alleged that: Scalia had a strong personal dislike and antipathy towards him; Scalia's personal dislike towards him continued and intensified after Scalia's appointment as Dean; Scalia, in investigating complaints that had been made about Barham, circumvented the usual and customary procedures for handling complaints; Scalia had prepared a "secret" memorandum at the beginning of the investigation in which Scalia indicated that he had decided to initiate dismissal proceedings; Scalia presented him with a letter when he arrived for his triennial evaluation the effect of which was to remove him immediately from the UNC campus and place other onerous restrictions upon him; Scalia instructed faculty in the Department not to communicate with him or any of his representatives; Scalia's actions were prompted by personal motives, were outside and beyond the scope of his authority as Dean, and were in deprivation of Barham's rights; Scalia's conduct had impaired his ability to obtain a fair hearing; Scalia acted from a personal motivation to harm him; Scalia intentionally, and in willful and wanton disregard of his rights, interfered with his contract and his contractual rights; and Scalia's actions constituted outrageous conduct.

We conclude that these allegations sufficiently state a claim for relief for purposes of § 24–10–110(5). *See City of Lakewood v. Brace, supra; Jarvis v. Deyoe, supra; Patel v. Thomas, supra.* Therefore, we reject Scalia's contention that the trial court, on this basis, erred in not dismissing Barham's claims against him for intentional interference with contract and outrageous conduct.

### III.

The Board contends that the trial court erred in failing to dismiss Barham's claim against it for outrageous conduct because such a claim is specifically barred by § 24–10–114(4), C.R.S. (1988 Repl.Vol. 10A) of the GIA. We agree.

Section 24–10–114(4) provides that:

A public entity *shall not be liable* either directly or by indemnification for punitive or exemplary damages or *for damages for outrageous conduct,* except as otherwise determined by a public entity pursuant to section 24–10–118(5). (emphasis added)

Section 24–10–118(5), C.R.S. (1988 Repl. Vol. 10A) in turn provides that:

Notwithstanding any provision of this article to the contrary, a public entity may, if it determines by resolution adopted at an open public meeting by the governing body of the public entity that it is in the public interest to do so, defend a public employee against a claim for punitive damages or pay or settle any punitive damage claim against a public employee.

Barham argues that, because the Board has undertaken to defend Scalia for the outrageous conduct claim, it has, in effect, become liable to pay for any damages awarded against Scalia on such claim. Alternatively, Barham argues that it is premature to consider this issue without discovery and an evidentiary hearing to determine what, if any, actions the Board has taken in this regard.

■ Inasmuch as § 24–10–114(4) clearly provides that a public entity shall not be liable for damages on a claim for outrageous conduct and § 24–10–118(5) does not create an obligatory exception that would impose *liability* for such a claim, but merely provides a discretionary avenue for a public entity to defend against or pay a punitive damages claim, we conclude that the trial court erred in not dismissing Barham's claim against the Board for outrageous conduct. *See City of Lafayette v. Barrack,* 847 P.2d 136 (Colo.1993) (fn. 7).

Furthermore, § 24–10–110(1.5), C.R.S. (1988 Repl.Vol. 10A) provides that a public

entity *shall* be liable for the reasonable costs of the defense and reasonable attorney fees of its public employee unless it is determined by a *court* that the injuries did not arise out of an act or omission of such employee occurring during the performance of his or her duties and within the scope of employment, or that the act or omission of such employee was willful and wanton. Therefore, when, as here, the complaint asserts that a plaintiff's injuries arise out of injuries sustained from an act or omission of the employee alleged to have occurred within and outside the course and scope of employment, the public entity is directed to provide costs of defense until a determination of a court is made concerning the scope of employment issue. Further, the statutory directive to pay costs of defense, like § 24–10–118(5), does not automatically impose liability upon the public entity for the damages asserted simply because the public entity provides for the costs of defense.

## IV.

On cross-appeal, Barham argues that the trial court erred in partially dismissing his claims against Scalia for intentional interference with contract and outrageous conduct to the extent that such claims stated a claim for relief for conduct that was within the scope of Scalia's employment. We disagree.

We note initially that Barham's claims against Scalia for intentional interference with contract and outrageous conduct predicated upon alleged willful and wanton acts of Scalia remain pending.

As we determined above, there is no requirement in the GIA that a claimant provide notice of claim to a public employee or his attorney. *See* §§ 24–10–109 and 118. Thus, to the extent the trial court dismissed these claims on the basis that Barham failed to provide Scalia or his attorney with a notice of claim, we conclude that it erred in doing so. Nevertheless, if the trial court reached the correct result, we will affirm its determination. *See Lampley v. Celebrity Homes, Inc.*, 42 Colo.App. 359, 594 P.2d 605 (1979).

A public employee is immune from tort liability claims that arise out of an act or omission occurring during the performance of his or her duties and within the scope of employment unless: (1) the act or omission causing the injury was willful and wanton, or (2) there is a sovereign immunity waiver under § 24–10–106(1). Section 24–10–118(2)(a), C.R.S. (1996 Cum.Supp.).

Because Barham has already asserted willful and wanton misconduct by Scalia and that claim remains pending, Barham's claim here is duplicative and superfluous. Consequently, the trial court correctly dismissed it. *See Bock v. Brody*, 870 P.2d 530 (Colo.App.1993) (no error when trial court dismisses duplicative claim).

That portion of the judgment in which the trial court declined to dismiss the claim against the Board for outrageous conduct is reversed. In all other respects, the judgment is affirmed, and the cause is remanded for further proceedings.

RULAND and ROY, JJ., concur.