559 P.2d 1118 (1976)
SEVIT, INC., d/b/a Adams Box Company, a Colorado Corporation, Plaintiff-Appellant,
v.
WESTERN STOCK CENTER, INC., Defendant-Appellee, and
S.T.O.P. Corporation, a Colorado Corporation, et al., Defendants.
No. 75-743.
Colorado Court of Appeals, Div. II.
November 26, 1976.
Rehearing Denied December 23, 1976.
Certiorari Granted February 14, 1977.
*1119 Edwin B. Fieman, Denver, for plaintiff-appellant.
Tilly & Graves, Ronald O. Sylling, Denver, for defendant-appellee.
Selected for Official Publication.
VanCISE, Judge.
This is an action brought by plaintiff, Sevit, Inc., (the tenant) for damages resulting from a fire in a building leased in part by the tenant and owned by defendant-appellee, Western Stock Center, Inc. (the owner). All claims except those against the owner were settled or dismissed prior to or during the trial.
The tenant appeals the judgment in favor of the owner entered on a verdict directed by the court at the conclusion of the trial. The principal contentions for reversal are that there were unresolved jury questions as to (1) whether the negligence of defendant S.T.O.P. Corporation (the contractor) in its removal of pipe from the owner's building was imputable to the owner, (2) whether the owner was itself negligent in the selection and supervision of the contractor, and (3) whether the owner breached its implied covenant of use and quiet enjoyment by the tenant. We reverse.
The owner and the contractor entered into a written agreement authorizing the latter to remove certain pipe and fittings from the building. Thereafter, while work consisting of cutting pipe with electric torches was in progress, a fire occurred which substantially destroyed the building and caused it to be condemned by the city.
The court properly found that there was evidence upon which the jury could determine that the contractor was negligent. Also, it was correct in its determination that, inasmuch as the contractor had the sole and exclusive right in all essential respects to control the manner in which the work was to be done and the owner's concern was only with the end product or final result, the contractor was independent and not an employee of the owner.
However, we cannot agree with the court's finding that there was no evidence nor any reasonable inference that the owner failed to exercise reasonable care in the selection and supervision of the contractor. If one views the evidence in the light most favorable to the tenant, Romero v. Denver & Rio Grande Ry., 183 Colo. 32, 514 P.2d 626, it appears that when the owner was approached by the contractor requesting authorization to remove the pipe from the building for the salvage, the owner made no check to determine the contractor's qualifications to do this kind of work, even though the owner knew that the building was constructed of wood and cork, that the walls were permeated with grease, and that use of a torch is dangerous and precautions should be taken. In fact, the contractor was not experienced in the use of torches and the man actually performing the work had never used one before this job. There was a smaller fire in the building two days before the main conflagration which was also caused by a torch and was sufficiently large to require the fire department's help in extinguishing the blaze. An officer of the owner, at the time of the smaller fire, remarked that he had visited the job before and was surprised they had not had to have the fire department in a half dozen times. Firemen testified that a fire watch should be maintained for at least one-half hour after torches have been used inside a building. The fire broke out a few minutes after the torchmen had quit for lunch without leaving anyone as a fire guard.
As part of its duty to keep the leased premises in a reasonably safe condition for use by its tenants, a property owner has a duty to exercise reasonable care in the selection of persons who are hired to perform work on the premises, and in the inspection and supervision of their work. See Frazier v. Edwards, 117 Colo. 502, 190 P.2d 126; Robinson v. Belmont-Buckingham Holding Co., 94 Colo. 534, 31 P.2d 918. The evidence detailed above was sufficient to present jury questions on the issues of (1) whether the owner under all the circumstances acted reasonably or was negligent in the selection and supervision of this contractor in view of the probability or foreseeability of injury to others, see Mile High *1120 Fence Co. v. Radovich, 175 Colo. 537, 489 P.2d 308, and (2) whether a proximate cause of the damages to the tenant was negligence of the owner.
There remains the question of whether the contractor's negligence may be imputed to the owner. It is stated in Garden of the Gods Village, Inc. v. Hellman, 133 Colo. 286, 294 P.2d 597:
"When work to be done is dangerous in itself, or is of a character inherently dangerous unless proper precautions are taken, an employer cannot evade liability by engaging an independent contractor to do such work."
See also Restatement (Second) of Torts, § 416. This is an exception to the general rule that one who hires an independent contractor is not liable for the tortious acts of the contractor. Here, there was evidence that would support a finding that, unless proper precautions were taken, use of electric torches on this building constituted work which was of an inherently dangerous character, the risks of which were foreseeable. Therefore, a jury question was presented on this issue also and it was error to direct a verdict.
We also disagree with the trial court's conclusion that, as a matter of law, the owner did not breach its implied covenant to the tenant of quiet enjoyment of the leased premises. See Radinsky v. Weaver, 170 Colo. 169, 460 P.2d 218. Its determination was based on a finding that there was "no nexus established" between the tortious acts of the contractor and the owner. As discussed above, there was sufficient evidence to submit to the jury the questions of whether the owner was itself negligent and whether the contractor's negligence was imputable to the owner under the inherently dangerous work exception. Therefore, it is also a jury question as to whether the owner breached the implied covenant.
Since this case is being remanded for a new trial, we need not address the issue raised by the tenant as to the propriety of the admission of an exhibit claimed by the owner to be a mutual release by both parties. The owner pled release as an affirmative defense, but at the new trial the admissibility of the exhibit will depend on whether a proper foundation is laid.
The judgment is reversed, and the cause is remanded with directions to grant a new trial on all issues.
ENOCH and STERNBERG, JJ., concur.