HEMMANN MANAGEMENT SERVICES
and Robert McIlvane, Plaintiffs–
Appellants,

v.

MEDIACELL, INC., Defendant–Appellee.

No. 06CA1904.

Colorado Court of Appeals,
Div. I.

Dec. 27, 2007.

Viorst Law Offices, P.C., Anthony Viorst, Denver, Colorado, for Plaintiffs–Appellants.

Shughart Thomson & Kilroy, P.C., John P. Baker, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge DAILEY.

In this contract dispute, plaintiffs, Hemmann Management Services and Robert McIlvane, appeal the trial court's dismissal of their claims against defendant, Mediacell, Inc. We reverse and remand with directions.

Plaintiffs and defendant entered into an agreement by which plaintiffs would assist defendant in locating management services for its business. When plaintiffs' fees were not paid on demand, they filed this complaint, alleging breach of contract and quantum meruit.

Defendant answered the complaint and asserted counterclaims against plaintiffs. In addition, defendant contemporaneously filed a motion to dismiss the complaint, arguing that plaintiffs had not asserted sufficient facts to support all the elements of their breach of contract claims, and that plaintiffs were barred from pursuing quantum meruit claims because the latter claims arose from the same facts as the breach of contract claims. Plaintiffs failed to respond to either the counterclaims or the motion to dismiss within the time allowed by C.R.C.P. 12(a) and 121 section 1–15(1).

Several weeks after the expiration of the deadlines to file responsive pleadings, plaintiffs realized their error and moved for leave to file both a response to the motion to dismiss and answers to the counterclaims. In support of the motion, plaintiffs stated that "due to an oversight" in plaintiffs' counsel's office, the motion to dismiss and the counterclaims were not timely reviewed by plaintiffs' counsel, and the deadlines to respond to these pleadings had not been calendared. The trial court summarily denied plaintiffs' motion for leave to file out-of-time, and it thereafter granted defendant's motion to dismiss, noting:

On its face, the Defendant's motion is not without merit. Moreover, failure of a responding party to file a responsive brief may be considered a confession of the motion. C.R.C.P. 121 § 1–15(3). As no response was filed by Plaintiffs, the Court

may consider the lack of response as an admission of the facts and law supporting Defendant's Motion. Consequently, the Court finds that the Plaintiff[s] ha[ve] admitted that the purported claims for Breach of Contract and Quantum Meruit lack merit. As such the Court must GRANT Defendant's Motion to Dismiss.

Plaintiffs had also moved to amend their complaint at about the time or shortly before the trial court granted defendant's motion to dismiss. Ultimately, the trial court denied plaintiffs the opportunity to amend their complaint.

## I.

█ Plaintiffs contend that the trial court erred by granting defendant's motion to dismiss without addressing the merits of plaintiffs' claims. We agree.

Initially, we reject defendant's contention that the trial court ruled on the merits of plaintiffs' claims when it entered its order of dismissal. While the trial court in its order stated that "[o]n its face," defendant's motion to dismiss "is not without merit," the court did not address or analyze any of the facts or the sufficiency of the claims asserted in the complaint. Indeed, as we read its order, the court grounded its decision to dismiss firmly on plaintiffs' failure to respond to the motion to dismiss.

█ When a court rules on a motion to dismiss for failure to state a claim, C.R.C.P. 12(b)(5) mandates that the court analyze the merits of the plaintiff's claims. The purpose of C.R.C.P. 12(b)(5) is to test the legal sufficiency of the complaint to determine whether the plaintiff has asserted a claim or claims upon which relief can be granted. In evaluating a motion to dismiss under C.R.C.P. 12(b)(5), the court must accept as true all averments of material fact and must view the allegations of the complaint in the light most favorable to the plaintiff. *Ashton Props., Ltd. v. Overton*, 107 P.3d 1014, 1018 (Colo. App.2004). Dismissal of claims under C.R.C.P. 12(b)(5) is proper only "where a complaint fails to give defendants notice of the claims asserted." *Shockley v. George-*

*town Valley Water & Sanitation Dist.*, 37 Colo.App. 434, 436, 548 P.2d 928, 929 (1976).

Although C.R.C.P. 121 section 1–15(3) provides that the failure of a party to respond to a motion "may be considered a confession of the motion," courts have not applied that rule where a drastic remedy is at stake. *See Seal v. Hart*, 755 P.2d 462, 465 (Colo.App.1988)("[c]onsidering the drastic nature of the remedy of summary judgment, and the fact that a specific rule should govern over a general one, we conclude that the provisions of C.R.C.P. 121 concerning *confession* of a motion by not filing a response thereto, are inapplicable to a motion for summary judgment under C.R.C.P. 56"); *see also Meyer v. State*, 143 P.3d 1181, 1184 (Colo. App.2006) (failure to respond to motion for reversal of driver's license revocation would not be deemed a confession of that motion); *Artes–Roy v. Lyman*, 833 P.2d 62, 63 (Colo. App.1992) (prerequisite findings supporting awards of attorney fees "cannot be held to be confessed by failure to respond to a motion for fees").

█ We conclude that, like motions for summary judgment, motions to dismiss for failure to state a claim must be considered on their merits and cannot be deemed confessed by a failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003)("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").

Here, plaintiffs' claims had been pled to the trial court, and the sufficiency of those claims should have been determined by the court, rather than deemed confessed by plaintiffs. Thus, we conclude that the trial court erred in failing to consider the merits of plaintiffs' claims for relief, as required by C.R.C.P. 12(b)(5), in resolving defendant's motion to dismiss.

## II.

Defendant contends that the dismissal of plaintiffs' claims should nonetheless be af-

firmed because, properly analyzed, plaintiffs' complaint failed to state a claim upon which relief could be granted. More specifically, defendant asserts that (1) with respect to their breach of express contract claims, plaintiffs did not and could not plead facts establishing that they had performed their part under the contract; and (2) plaintiffs' quantum meruit claims were mutually exclusive of their breach of contract claims. We are not persuaded.

Initially, we are in as good a position as the trial court to assess the viability of plaintiffs' complaint. *See Hurtado v. Brady,* 165 P.3d 871, 873 (Colo.App.2007)(we "review a trial court's ruling on a motion to dismiss de novo," applying "the same standards of review . . . as the trial court applies"). Consequently, we need not remand the matter to the trial court but may ourselves resolve it as a matter of law. *See W.O. Brisben Cos. v. Krystkowiak,* 66 P.3d 133, 137 (Colo.App.2002)(analyzing sufficiency of complaint for the first time on appeal), *aff'd on other grounds,* 90 P.3d 859 (Colo.2004).

■ C.R.C.P. 12(b)(5) motions to dismiss are viewed with disfavor, and should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dunlap v. Colo. Springs Cablevision, Inc.,* 829 P.2d 1286, 1291 (Colo.1992)(quoting *Davidson v. Dill,* 180 Colo. 123, 131–32, 503 P.2d 157, 162 (1972)).

■ The purpose of a complaint is to provide notice to the defendant of the transaction or occurrence that gave rise to the plaintiff's claims. *Wisehart v. Zions Bancorporation,* 49 P.3d 1200, 1208 (Colo.App.2002). A short and plain statement advising the defendant of the relief sought provides such notice. *See* C.R.C.P. 8(a); *Grizzell v. Hartman Enters., Inc.,* 68 P.3d 551, 553 (Colo. App.2003) ("A complaint need not express all facts that support the claim, but need only serve notice of the claim asserted.").

■ "In most cases it is sufficient if the pleader clearly identifies the transactions which form the basis of the claim for relief, and if *upon any theory of the law* relief is warranted by the evidence offered and received in support of the claim. . . ." *Hinsey v. Jones,* 159 Colo. 326, 329, 411 P.2d 242, 244 (1966)(quoting *Weick v. Rickenbaugh Cadillac Co.,* 134 Colo. 283, 289, 303 P.2d 685, 688 (1956)).

■ Finally, in assessing a C.R.C.P. 12(b)(5) motion to dismiss, courts liberally construe the pleadings and resolve all doubts in favor of the pleader. *Denny Constr., Inc. v. City & County of Denver,* 170 P.3d 733, 736 (Colo.App.2007)(*cert. granted* Nov. 26, 2007).

■ Defendant correctly points out that a breach of contract claim can only succeed if a plaintiff establishes (1) the existence of a contract; (2) performance under the contract by the plaintiff or some justification for nonperformance; (3) the defendant's failure to perform under the contract; and (4) resulting damage to the plaintiff. *Western Distrib. Co. v. Diodosio,* 841 P.2d 1053, 1058 (Colo. 1992).

■ A party may establish justification for nonperformance under a contract if it demonstrates that the other party to the contract caused its nonperformance. One party's failure to perform under a contract precludes that party's demand for performance by the other party. *Reid v. Pyle,* 51 P.3d 1064, 1067 (Colo.App.2002) ("if a promisor is himself the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of that failure"); *see also Kaiser v. Mkt. Square Disc. Liquors, Inc.,* 992 P.2d 636, 640–41 (Colo.App.1999) (a material breach by a party deprives that party of the right to demand performance by the other).

■ Here, plaintiffs' complaint alleged sufficient facts to support their breach of contract claims. Plaintiffs' complaint (1) asserts that a contract existed between them and defendant, (2) details steps plaintiffs took to perform under the contract, (3) alleges that defendant's actions obstructed their efforts to complete performance under the contract, and (4) describes the moneys defendant allegedly owes plaintiffs under the contract.

In our view, the complaint adequately sets forth the transaction that is the subject of plaintiffs' contract claims and provides defendant with sufficient notice of the claims asserted against it. Consequently, plaintiffs' breach of contract claims should not have been dismissed. *See Denny Constr.*, 170 P.3d at 738; *Wisehart*, 49 P.3d at 1208.

We also reject defendant's assertion that the dismissal of plaintiffs' quantum meruit claims should be affirmed because plaintiffs' breach of express contract claims "supersede" the quantum meruit claims.

Colorado law permits a party to advance multiple theories of recovery, even if the party will not be permitted to recover under each of those theories. *See City & County of Denver v. Dist. Court*, 939 P.2d 1353, 1359 n. 5 (Colo.1997); *Gaubatz v. Marquette Minerals, Inc.*, 688 P.2d 1128, 1130 (Colo.App.1984) (noting that "C.R.C.P. 8 permits inconsistent pleading"). Thus, while plaintiffs may not be permitted to recover under theories of both breach of express contract and quantum meruit, it was not inappropriate to plead both theories of recovery in their complaint.

Consequently, we also conclude that plaintiffs' quantum meruit claims should not have been dismissed.

### III.

Because we have concluded that plaintiffs' original complaint sufficiently pled claims of breach of express contract and quantum meruit, we need not address plaintiffs' alternative contention that the trial court should have allowed them the opportunity to amend their complaint.

The judgment is reversed, and the case is remanded to the trial court with directions to reinstate plaintiffs' complaint.

Judge MÁRQUEZ and Judge NEY * concur.