FILED
United States Court of Appeals
Tenth Circuit

October 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIE WATLINGTON,

      Plaintiff - -Appellant,

v.

TIM BROWNE,

      Defendant - Appellee.

No. 19-1057
(D.C. No. 1:17-CV-02972-REB-KLM)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **McKAY**, and **CARSON**, Circuit Judges.

Plaintiff Willie Watlington appeals the district court's dismissal of his 42 U.S.C.

§ 1983 action as precluded by a previously dismissed Colorado state-court lawsuit that

raised the same claim. He does not dispute that the previous lawsuit raised the same

claim against the same parties, but he argues that claim preclusion should nevertheless not

apply because (1) the state-court decision would not be given preclusive effect in

Colorado because there was no final ruling on the merits, and (2) he did not receive a full

and fair opportunity to litigate his claim in the state court.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In both the previous state lawsuit and the instant federal complaint, Plaintiff alleged that he was injured when Defendant Tim Browne, a Colorado Springs K-9 officer, unjustifiably ordered his police dog to viciously seize Plaintiff. Plaintiff's state lawsuit was brought pro se against the officer and the city, and the defendants moved to dismiss under Colorado Rule of Civil Procedure 12(b)(5) for failure to state a valid claim for relief. For relief, they requested dismissal with prejudice and an award of costs and fees. Plaintiff did not respond to the motion to dismiss. After the deadline for a response had expired, the state court filed an order, with the motion to dismiss attached, which stated in full:

> The motion/proposed order attached hereto: GRANTED WITH AMENDMENTS.

> The Court received no objection to the requested relief. The Court has also reviewed the grounds presented in the Motion and they present a facially valid claim for the relief requested. The request to dismiss is therefore granted.

(Appellant's App. at 44.)

Plaintiff thereafter filed a "motion to set aside default judgment," asking that the judgment of dismissal be set aside because of excusable neglect. (*Id.* at 52 (capitalization omitted).) The defendants argued in response that Plaintiff had not shown excusable neglect. Plaintiff did not file a reply. After the deadline for filing a reply had expired, the state court issued an order denying Plaintiff's motion for relief from the judgment, reasoning that he had not satisfied the second element of the excusable-neglect test,

-2-

which requires a party to show that it "has a meritorious claim/defense to present," because he had not shown that he had a meritorious defense to the defendants' motion to dismiss his complaint. (*Id.* at 55.) Plaintiff did not appeal to the state appellate court.

Instead, Plaintiff—now represented by counsel—filed this federal lawsuit, in which he raised the same claim against the K-9 officer. The district court concluded that this claim was barred by claim preclusion and therefore dismissed the action with prejudice. This appeal followed.

We review de novo whether the district court correctly applied the claim-preclusion doctrine to the undisputed facts of this case. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). In applying this doctrine, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (noting that, because we must give state-court judgments "the same full faith and credit as they have by law or usage in the courts of such State," "we must ascertain what preclusive effect Colorado would give its own decision in the earlier action before we may know what effect it should be given in the federal court" (internal quotation marks, ellipsis, and brackets omitted)). "In Colorado, . . . claim preclusion[] requires 'the presence of four elements: (1) finality of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity

or privity between parties to the actions.'" *Hartsel Springs Ranch v. Bluegreen Corp.*, 296 F.3d 982, 986–87 (10th Cir. 2002) (footnote omitted) (quoting *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999)). Additionally, "[d]ue process . . . requires that a party have a full and fair opportunity to litigate its case," *Crocog Co. v. Reeves*, 992 F.2d 267, 270 (10th Cir. 1993), and thus "there is an exception to the application of claim preclusion where the party resisting it did not have a 'full and fair opportunity to litigate' the claim in the prior action," *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 & n.6 (10th Cir. 2005)).

Plaintiff does not dispute that this case involves the same subject matter, claim, and parties as the prior state-court action. However, he argues that his claim against the officer should not be precluded because (1) the state court did not reach a final judgment on the merits, and (2) he lacked a "full and fair opportunity to litigate" his claim in the prior action. We consider each of these arguments in turn.

Under Colorado law, "[u]nless the court in its order for dismissal otherwise specifies, a[n involuntary] dismissal . . . , other than a dismissal for failure to prosecute, for lack of jurisdiction, for failure to file a complaint . . . , or for failure to join a party . . . , operates as an adjudication upon the merits." Colo. R. Civ. P. 41(b). Thus, "[w]hen the court fails to state expressly that a dismissal is without prejudice, it operates as a dismissal with prejudice and an adjudication upon the merits." *People v. D.A.K.*, 596

-4-

P.2d 747, 749 (Colo. 1979). In *O'Done v. Shulman*, 238 P.2d 1117, 1118 (Colo. 1951), the Colorado Supreme Court applied this rule to a case in which "one witness testified that the suit was dismissed on a technicality": because the district court's order simply stated that the cause of action would be dismissed, the dismissal order must be construed as "a dismissal with prejudice, and, therefore, . . as an adjudication on the merits," precluding the plaintiff from pursuing this claim in a second action regardless of the contrary testimony.

In the face of this authority, Plaintiff first argues that Colorado law looks to the effect and scope of an order of dismissal, rather than its label, to determine whether it should be considered a final judgment on the merits. The only cases he cites for support, however, are cases that arose in the opposite context, in which the appellate court held that an order of dismissal, even if labeled as without prejudice, was a final judgment on the merits for purposes of determining appellate jurisdiction. *See, e.g.*, *Peña v. Am. Family Mut. Ins. Co.*, ___ P.3d ___, No. 17CA0098, 2018 WL 1959600 (Colo App. Apr. 19, 2018); *Scott v. Scott*, 428 P.3d 626, 631–32 (Colo. App. 2018). None of these cases call into question the default rule in Colorado by which, outside of certain exceptions that are not relevant here, an involuntary dismissal is always a dismissal with prejudice—and an adjudication on the merits—unless the trial court expressly states otherwise.

Plaintiff relatedly argues that the state court's dismissal of his first lawsuit should not be viewed as a final judgment on the merits because the dismissal order was based in

part on his failure to respond to the defendants' motion to dismiss, the court described the motion to dismiss only as "facially valid," rather than as actually correct (Appellant's App. at 44), and the order contained no factual findings or legal analysis. He argues that these circumstances necessarily reflect that there was no final decision on the merits. For support, he relies on *Hemmann Management Services v. Mediacell, Inc.*, 176 P.3d 856, 857–58 (Colo. App. 2007), in which a Colorado appellate court on direct appeal held that the trial court had erred in dismissing a complaint after concluding that (1) the defendant's motion to dismiss was "not without merit" "[o]n its face," and (2) the plaintiffs' failure to respond to this motion should be deemed an admission that their claims lacked merit. The appellate court in *Hemmann* reasoned that "motions to dismiss for failure to state a claim must be considered on their merits and cannot be deemed confessed by a failure to respond," and thus "the trial court erred in failing to consider the merits of plaintiffs' claims for relief . . . in resolving defendant's motion to dismiss." *Id.* at 858. Plaintiff argues that we should likewise conclude that the trial court in this case erroneously failed to consider the merits of his claim for relief, and, accordingly, that there was no final judgment on the merits.

We are not persuaded. First, we note that the trial court in this case, unlike in *Hemmann*, did not squarely hold that Plaintiff's failure to respond to the motion to dismiss could be deemed a confession of the motion: although the court's order referred to the lack of a response, it did not appear to rely on this lack of a response in ordering

-6-

dismissal. Moreover, even if the dismissal order in this case could be construed to raise the same error as in *Hemmann*, *Hemmann* arose in a completely different context and has little to no bearing on the question before us in this appeal. The court in *Hemmann* was not determining whether a dismissal order in a previous case should be viewed as a final adjudication on the merits for claim-preclusion purposes; rather, the court was deciding whether the dismissal order before it on direct appeal had been entered correctly under Colorado law. Although the appellate court in *Hemmann* concluded that the trial court had not in fact reached the merits of the plaintiffs' claims as required by Colorado law, the court did not suggest that this error required the dismissal order to be treated as a dismissal without prejudice rather than a dismissal with prejudice. *Id.* at 858. Indeed, construing the dismissal to be a dismissal without prejudice would have called into question the appellate court's jurisdiction over the appeal. *See Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 569 n.4 (Colo. 2009) ("Dismissal of a complaint without prejudice is not a final reviewable order. . . . Because dismissal without prejudice is non-reviewable, the test we apply when determining whether a trial court abused its discretion in dismissing an action necessarily applies to dismissal with prejudice.").

Nothing in *Hemmann* calls into question the clear Colorado rule that this type of involuntary dismissal will be construed as a dismissal with prejudice, and consequently an adjudication on the merits, for claim-preclusion purposes. *See D.A.K.*, 596 P.2d at 749; *O'Done*, 238 P.2d at 1118. As in *O'Done*, even if the dismissal order here might

arguably have been based on a technicality rather than on the merits of the case, it must still be treated as a claim-preclusive dismissal with prejudice under Colorado law. 238 P.3d at 1118; *see also Cornelius*, 202 P.3d at 569 n.4 ("[U]nless the order for dismissal 'otherwise specifies,' a dismissal for failure to prosecute under the rule 'operates as an adjudication upon the merits.'" (quoting Colo. R. Civ. P. 41(b)(1))); *Brock v. Weidner*, 93 P.3d 576, 579 (Colo. App. 2004) ("The action culminated in the dismissal with prejudice of all claims against defendants. Such a dismissal is considered an adjudication on the merits."). At best, *Hemmann* suggests only that Plaintiff might have had a good argument to raise on appeal to the state appellate court. However, any such argument cannot be used now to negate the finality of the state court's dismissal of his complaint with prejudice. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case. . . . 'A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action.'" (quoting *Balt. S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927) (brackets omitted)).

Moreover, the finality of the dismissal order is not negated by the order's lack of express factual findings or legal analysis. Under Colorado law, a dismissal for failure to state a claim is considered a final ruling on the merits even if the court grants the motion

to dismiss "without any analysis or findings." *Scott*, 428 P.3d at 632. We therefore agree with the district court that the state-court judgment in this case was a final judgment, satisfying the first element of Colorado's claim-preclusion test.

As for Plaintiff's argument that he lacked a full and fair opportunity to litigate his claim in the state-court action, he specifically contends that the state court deprived him of this opportunity because it did not interpret his pro se filings generously and failed to offer him, as a pro se litigant, guidance in navigating the court system. For support, he cites to cases in which we addressed on direct appeal the procedures that federal district courts should take before dismissing a pro se case. *See, e.g.*, *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). However, for state-court proceedings to be entitled to full faith and credit, they do not need to comply with the specific procedural rules that federal district courts must follow, but "need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 (1982). We are not persuaded that the state-court proceedings here failed to meet these minimum requirements. After "examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties," we are not persuaded that the state-court proceedings involved "a deficiency that would undermine the fundamental fairness of the original proceedings." *Nwosun*, 124 F.3d at 1257–58 (internal quotation marks omitted).

Notably, "the fact that [Plaintiff] appeared *pro se* in [the] prior state court proceeding does not lessen the collateral effect of the state court judgment." *In re Tsamasfyros*, 940 F.2d 605, 607 (10th Cir. 1991). We therefore conclude that the district court did not err in holding that Plaintiff is precluded from pursuing in federal court the same claim that he previously unsuccessfully brought in the state court.

The district court's dismissal of the action with prejudice is accordingly **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge