24CA1441 Mora v Davies 07-17-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1441
City and County of Denver District Court No. 23CV836
Honorable Andrew P. McCallin, Judge

Denise Mora,

Plaintiff-Appellant,

v.

John Davies, and Office of Clerk and Recorder, Public Trustee,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE MEIRINK
Freyre and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 17, 2025

Denise Mora, Pro Se

Katie McLoughlin, Acting City Attorney, McKenzie Brandon, Assistant City
Attorney, Andrew Ken, Fellow, Denver, Colorado, for Defendants-Appellees

¶ 1     Denise Mora appeals the district court's dismissal of her second amended complaint (SAC) under C.R.C.P. 12(b)(1), 12(b)(5), and 12(b)(6). We affirm the court's judgment.

## I.     Background

¶ 2     Acting pro se, Mora filed an amended form complaint in the district court, naming "Publick Trustee Webb Municipal Jhon Divies Ect" as the sole defendant. Mora left the spaces for "claims for relief" blank on the amended complaint and wrote "Rockey Mountain New Paper" in the fact section. Mora referenced and included an attached exhibit letter that provided more factual context. Based on the amended complaint and the attached exhibit, the district court accepted the following as the facts of the underlying case:

> [Mora's] grandfather's home was foreclosed in the 1990s. [Mora] attempted to purchase the home. [Mora] tendered an amount of payment to someone but was not provided with any documentation of the sale. [Mora] believed that the sale would be documented in the "Rocky Mountain News Paper."
>
> John Davies served as the Public Trustee for the City [and] County of Denver. At some time, he told [Mora] that she had to file a "quick quiet title transfer." Davies later resigned from his position as the Public Trustee.

1

> At some time, [Mora] got a real estate entity involved and discovered multiple individuals making claims of ownership on the property. [Mora] believe[d] that the foreclosure and subsequent claims on the property [we]re illegitimate and that procedures were not followed during the foreclosure.

¶ 3    The defendants[1] moved to dismiss the amended complaint under C.R.C.P. 12(b)(5), arguing that Mora failed to connect her allegations to any specific claim for relief. The district court agreed and granted the motion to dismiss without prejudice. The court gave Mora an opportunity to file a second amended complaint.

¶ 4    Mora filed her SAC, which included an attachment that reiterated the information provided in the exhibit to her amended complaint but also provided more information. The attachment set forth the following factual allegations:

- Mora, who "was a young girl at the time," attempted to purchase her grandfather's property after learning it was foreclosed on "in the late 1987s to early 1990s."

---

[1] The Office of the Clerk and Recorder of the City and County of Denver, Public Trustee of the City and County of Denver, and John Davies, in his official capacity as Public Trustee, entered their collective appearances as the defendants in the case.

- Mora spoke to a woman at the counter of the "Public Trustee building" about purchasing the property, and the woman, "noticing [Mora's] youth, commented on how young she was."

- Mora told the woman that she was "here to buy [the property]," provided the money, and provided her name. The woman processed the transaction, but Mora did not fully understand the process.

- Mora later found a report discussing properties in Denver and "discovered that her grandfather's house was illegally sold, despite her having purchased it in the late 1980s."

- Mora spoke with an official named John, who told her that "all documents on the property were lost due to a system transfer," and he advised Mora to execute a quitclaim deed to "transfer the title due to the lost documents and system errors."

Mora then asserted that "the sale of her grandfather's property was conducted illegally," and she requested "legal remedy for the mismanagement and subsequent loss of the property." She also claimed that she suffered from age discrimination "during the initial transaction" and requested that the district court "address the

3

grievances resulting from the improper handling of the property documents."

¶ 5    The defendants moved to dismiss Mora's SAC under C.R.C.P. 12(b)(1), 12(b)(5), and 12(b)(6), claiming (1) that Mora lacked standing for failing to state an injury-in-fact or a legally protected interest; (2) that the SAC failed to state a claim for relief; and (3) that Mora failed to include the current owner of the property as a defendant.  Mora filed a response, claiming that she "did seek legal help but was turned away" and "put in legal limbo" by the "help room," she was discriminated against because she did not understand why her first complaint was not correct and "denied" by the help room, and the case "ha[d] a high concern of money laundering."  Mora cited other concerns with the foreclosure process, including an alleged lack of transparency, irregularities, and unusual transactions occurring during the process.  Mora then requested an investigation into the foreclosure process that had led to a loss of "critical records" and requested assistance initiating a quiet title action for the property.

¶ 6    The court granted the defendants' motion to dismiss, concluding that Mora's SAC lacked standing, failed to state a claim

upon which relief may be granted, and failed to join an indispensable party. Mora appeals.

## II. Discussion

¶ 7 Mora is self-represented on appeal. Although she does not specifically claim that the district court erred by dismissing her SAC, based on the arguments raised in her opening brief, we construe this as part of her argument. *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11 (recognizing that we liberally construe filings by self-represented litigants).

¶ 8 Mora contends the following:

(1) The foreclosure proceeding was flawed "due to lost documents that should have been presented," and their loss "calls into question the validity of the proceedings."

(2) The money lending practices used in the case were predatory or otherwise illegal, and they disproportionately impacted Mora.

(3) The defendants failed to make reasonable accommodations for Mora's disability, which violates the Americans with Disabilities Act.

(4) The defendants' mishandling of documents left Mora in a state of "legal limbo," which complicated the legal status of the case.

(5) The defendants' actions constituted age discrimination against older individuals in housing and employment matters.

(6) The defendants and agencies involved mishandled the case by withholding evidence and misrepresenting facts.

(7) The defendants neglected to provide Mora with assistance, and the Denver County Court Clerk's Office and defendants' counsel failed to answer and return Mora's phone calls.

¶ 9     First, because they are unpreserved, we decline to address contentions two through seven mentioned above.  Second, we disagree that the district court improperly dismissed Mora's case.

### A.    Most Arguments Raised in Mora's Amended Opening Brief Were Not Properly Preserved

¶ 10    Except for the argument that the foreclosure proceeding was flawed because key documents were lost, Mora's remaining claims were not presented to the district court, and, therefore, we are unable to address them.

### 1. Applicable Law

¶ 11    For us to consider Mora's arguments on appeal, each argument must be preserved — that is, it must have first been presented to the district court.  *See Madalena v. Zurich Am. Ins. Co.*, 2023 COA 32, ¶ 50; *Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21.  Additionally, when reviewing a motion to dismiss, a court may only consider claims raised in the plaintiff's complaint. *N.M. v. Trujillo*, 2017 CO 79, ¶ 48; *Al-Hamim*, ¶ 24; *Yadon v. Lowry*, 126 P.3d 332, 335 (Colo. App. 2005).

### 2. Analysis

¶ 12    Of the claims Mora raises in her amended opening brief on appeal, only the first claim was raised in her SAC before the district court.  In her response to the defendants' motion to dismiss, Mora mentioned case status and handling, failure to provide assistance, failure to accommodate a disability, and possible money laundering.  But these issues were not raised in the SAC.  And though Mora asserted age discrimination in her SAC, the basis for that claim was discrimination for her young age and her inability to understand why her amended complaint was dismissed.  In her amended opening brief, Mora instead contends that she was discriminated

against due to old age, which is an argument that the district court did not have the opportunity to review.

¶ 13    Because Mora's SAC did not raise contentions two through seven listed above, we do not consider them. *See Al-Hamim*, ¶ 24 (declining consideration of claims raised in the appellant's opening brief that were not pleaded in his complaint).

### B.    The District Court Did Not Err by Dismissing Mora's Second Amended Complaint

¶ 14    We agree with the defendants' argument that Mora's remaining claim — that the foreclosure process was flawed — was properly dismissed by the district court.  Because proper dismissal under one rule is dispositive of the entire case, we will only discuss whether Mora's claim survives a C.R.C.P. 12(b)(5) motion to dismiss.

### 1.    Standard of Review and Applicable Law

¶ 15    Because Mora is a self-represented litigant, we liberally interpret her SAC and response to the defendants' motion to

dismiss.  *See Al-Hamim*, ¶ 11; *People v. Bergerud*, 223 P.3d 686, 696-97 (Colo. 2010).[2]

¶ 16    "The purpose of C.R.C.P. 12(b)(5) is to test the legal sufficiency of the complaint to determine whether the plaintiff has asserted a claim or claims upon which relief can be granted."  *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo. App. 2007). Dismissal under this rule is generally disfavored and should only be granted when "the plaintiff's factual allegations cannot support a claim as a matter of law."  *BRW, Inc. v. Dufficy & Sons, Inc.*, 99 P.3d 66, 71 (Colo. 2004).

¶ 17    We review orders to dismiss under C.R.C.P. 12(b)(5) de novo and apply the same standard as the district court.  *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011).

---

[2] Mora's amended opening brief does not comply with C.A.R. 28(a)(7)(A), which requires citation to the record and requires the appellant to indicate whether the issues raised were preserved on appeal.  Mora's status as a self-represented litigant does not exempt her from complying with the procedural rules that all parties must follow.  *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11; *In re Marriage of Wright*, 2020 COA 11, ¶ 33.  We decline, however, to impose sanctions under C.A.R. 38(a) and simply remind Mora that all litigants have a duty to comply with the rules.  *See Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (recognizing that it is the litigant's duty to locate and synthesize relevant facts and arguments).

¶ 18 To survive a C.R.C.P. 12(b)(5) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when the factual allegations raised are more than speculative and "allow a 'court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Woodall v. Godfrey*, 2024 COA 42, ¶ 7 (quoting *Iqbal*, 556 U.S. at 678).

¶ 19 During our evaluation, we accept all material facts as true and view a complaint's factual allegations in a light most favorable to the plaintiff. *Campaign Integrity Watchdog LLC v. Colo. Republican Party Indep. Expenditure Comm.*, 2017 COA 32, ¶ 2. "[W]e may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference, and matters proper for judicial notice." *Denver Post Corp.*, 255 P.3d at 1088. We are not required to accept legal conclusions as true, even if they are asserted as factual allegations. *Id.*

### 2.    Analysis

¶ 20 In her SAC, Mora asserted:

(1) She gave a woman at the public trustee's office money to purchase her grandfather's property.

(2) The woman processed the transaction.

(3) She came across a property report in 2020 and "discovered that her grandfather's house was illegally sold."

(4) She contacted Davies, who told her that all documents for her grandfather's property were lost due to a system transfer.

(5) Davies advised Mora to execute a quitclaim deed to transfer title of her grandfather's property.

She then claimed that the sale of her grandfather's property was conducted illegally, that the property was mismanaged, and that the property documents were mishandled. None of these assertions raise an actual claim against the defendants. While Mora did include more factual assertions in the SAC than in her first complaint, these additional facts were not enough to support a claim against the defendants as a matter of law.

### 3. Conclusion

¶ 21 Because Mora failed to state a claim for relief that is facially plausible, the district court properly dismissed her complaint under C.R.C.P. 12(b)(5).

### III. Disposition

¶ 22 The district court's judgment is affirmed.

JUDGE FREYRE and JUDGE GOMEZ concur.