24CA1384 McMechan v Deutsche Bank 12-24-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1384
Weld County District Court No. 23CV30874
Honorable Shannon D. Lyons, Judge

---

Tori McMechan,

Plaintiff-Appellant,

v.

Deutsche Bank National Trust Company as Trustee in Trust for Registered
Holders of Long Beach Mortgage Loan Trust 2006-6 Asset-Backed Certificates
Series 2006-6, its successors and assigns,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division VI
Opinion by JUDGE WELLING
Gomez and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

---

Tori McMechan, Pro Se

Kutak Rock LLP, Jeremy D. Peck, Denver, Colorado, for Defendant-Appellee

¶ 1     Plaintiff, Tori McMechan,[1] appeals the district court's judgment dismissing her complaint against defendant, Deutsche Bank National Trust Company as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2006-6 Asset-Backed Certificates Series 2006-6 (Deutsche Bank), pursuant to C.R.C.P. 12(b)(5), with prejudice.  We affirm.

## I.     Background

¶ 2     In 2006, McMechan's now-deceased husband, James McMechan, obtained a mortgage loan concerning a property in Nunn, Colorado.  McMechan's husband signed the note, and they both signed the deed of trust.  Over the course of many years, two

---

[1] The record doesn't indicate that "In Interest of James J. McMechan, Deceased," which is named as co-appellant with Tori McMechan, refers to an estate with a personal representative. Further, the opening brief indicates that "[a]ll property of James J. McMechan devolved to his wife Tori McMechan[,] including all interests of James McMechan in the residential real property the subject of the underlying action."  We thus conclude that the named interest is not a represented estate, *see* C.A.R. 5(c)(7), nor could it show standing regarding the property at issue, *see League of Women Voters of Greeley, Weld Cnty., Inc. v. Bd. of Cnty. Comm'rs*, 2025 CO 8, ¶¶ 24-26.  We therefore order the named interest dismissed, as it is not a proper party to the appeal.  The caption page has been revised accordingly.  Because no entities that must be represented by counsel remain as an appellant, *see* C.A.R. 5(c)(7), a separate order granting appellant counsel's motion to withdraw has been issued.

things happened: (1) the note and deed of trust went through a series of assignments, eventually landing in the hands of Deutsche Bank; and (2) beginning around 2010, McMechan and her husband failed to make monthly payments on the loan, and the loan went into default.

¶ 3     In 2022, Deutsche Bank initiated a judicial foreclosure. On September 19, 2023, the court overseeing that proceeding issued an order authorizing the property's sale, and the foreclosure sale was scheduled for November 8, 2023.

¶ 4     On November 1, 2023, McMechan filed the complaint that is the subject of this appeal. In her complaint, McMechan sought a declaratory judgment against Deutsche Bank, the purported current holder of the loan, seeking a determination that Deutsche Bank doesn't have, and never has had, any legal or equitable rights in the note or deed of trust. In her complaint, McMechan asserted that the assignment to Deutsche Bank was improper, and thus Deutsche Bank couldn't proceed with foreclosure of the property.

¶ 5     Along with her complaint, McMechan also filed a motion for a temporary restraining order (TRO) to enjoin the then-scheduled November 8, 2023, sale of the property. On November 2, 2023, the

district court granted that motion on an ex parte basis and issued a TRO enjoining the foreclosure sale for fourteen days. As a result, the November 8, 2023, sale was cancelled. By its terms, the TRO expired after fourteen days.

¶ 6 On November 7, 2023, Deutsche Bank removed this case to federal court. McMechan then filed a motion to remand the case back to state court. Deutsche Bank filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). McMechan responded, and Deutsche Bank replied. On May 16, 2024, the federal court granted McMechan's motion to remand and sent the case back to state court without ruling on Deutsche Bank's motion to dismiss.

¶ 7 On June 27, 2024, Deutsche Bank filed a motion to dismiss McMechan's complaint under C.R.C.P. 12(b)(5). In it, Deutsche Bank advanced three arguments for dismissal. First, Deutsche Bank argued that to the extent that McMechan's declaratory judgment claim sought a declaration that any of the assignments leading to its ownership of the loan and the deed of trust were invalid, such a claim fails as a matter of law because "mortgage loan borrowers lack standing to challenge the assignment of promissory notes from one lender to another, and the assignment of

3

deeds of trust from one beneficiary to another, because the borrowers are not parties to those transactions." Second, to the extent that McMechan alleged in her complaint that she had entered into a verbal payment reinstatement plan with JPMorgan Chase Bank in 2010 that modified the terms of the loan or deed of trust, such a verbal agreement is void and unenforceable under the statute of frauds for credit agreements (CASF), § 38-10-124, C.R.S. 2025. Third, to the extent that McMechan argued in her complaint that Deutsche Bank is unable to foreclose on her property because it didn't produce the original, wet ink note, such an argument is contrary to Colorado law, as an assignee isn't required to produce the original, wet ink note in order to foreclose on the property. Deutsche Bank argued that based on these three legal infirmities in McMechan's complaint, the case must be dismissed with prejudice for failure to state a claim.

¶ 8    McMechan didn't file a response to Deutsche Bank's motion to dismiss. On July 22, 2024, the district court granted Deutsche Bank's motion "for the reasons and authorities set forth" in the motion and dismissed the case "with prejudice."

4

## II. Issues on Appeal

¶ 9    McMechan advances two arguments on appeal. Specifically, she contends that the district court erred by granting Deutsche Bank's motion to dismiss under C.R.C.P. 12(b)(5) because (1) the district court ignored the proper standard for a motion to dismiss and (2) Colorado law favors resolution of disputes on the merits. We address and reject both of her arguments in turn below.[2]

---

[2] Deutsche Bank argues that none of McMechan's arguments are preserved for appeal because McMechan didn't present her arguments to the district court in a response to Deutsche Bank's motion to dismiss. Where, as here, a court grants a motion to dismiss on the merits, it isn't clear to us that a failure to respond to the motion in the district court precludes a party from advancing otherwise unpreserved challenges on appeal. *See In re Estate of Ramstetter*, 2016 COA 81, ¶ 71 n.7 (When "a trial court addresses an argument, whether that argument was preserved is moot."); *Hemmann Mgmt. Servs. v. Mediacell, Inc.*, 176 P.3d 856, 858 (Colo. App. 2007) ("We conclude that, like motions for summary judgment, motions to dismiss for failure to state a claim must be considered on their merits and cannot be deemed confessed by a failure to respond."). In any event, because we reject McMechan's arguments advanced on appeal on their merit, we don't need to reach or resolve the issue of preservation. *See In re Marriage of Mack*, 2022 CO 17, ¶ 12 ("[B]ecause we conclude that Husband's statutory argument is unavailing, we need not decide whether he preserved the issue for appeal."); *L & R Expl. Venture v. Grynberg*, 271 P.3d 530, 536 (Colo. App. 2011) (declining to resolve an issue where outcome wouldn't change).

## A. C.R.C.P. 12(b)(5)

¶ 10 To survive a motion to dismiss for failure to state a claim, a plaintiff must "state a claim [to] relief that is plausible on its face." *Warne v. Hall*, 2016 CO 50, ¶ 1 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In evaluating a motion to dismiss, a district court must accept all well-pleaded factual allegations in the complaint as true, viewing them in the light most favorable to the plaintiff. *Bewley v. Semler*, 2018 CO 79, ¶ 14. Similarly, it must accept as true factual allegations set forth in documents attached to or referenced by the complaint. *Prospect Dev. Co. v. Holland & Knight, LLP*, 2018 COA 107, ¶ 11. In turn, we review de novo a district court's ruling on a C.R.C.P. 12(b)(5) motion to dismiss for failure to state a claim. *Bewley*, ¶ 14.

¶ 11 With these principles in mind, we turn to McMechan's arguments on appeal.

## B. Analysis

### 1. Proper Legal Standard

¶ 12 First, McMechan argues that the district court ignored the proper standard to evaluate a C.R.C.P. 12(b)(5) motion under Colorado law. Specifically, McMechan argues that because the

district court's order dismissed her complaint "for the reasons" in Deutsche Bank's motion, the district court thus "admits it[s ruling] is grounded on [Deutsche Bank's] arguments," which are outside the complaint and therefore couldn't have been properly considered without turning the motion into one for summary judgment. We disagree that the district court applied the wrong standard.

¶ 13 Because the district court granted Deutsche Bank's motion for "the reasons and authorities set forth therein," we look at the motion to see whether it explained the correct standard, thus meaning the district court applied the correct standard. In the motion, Deutsche Bank set forth the proper standard of review for a motion to dismiss under C.R.C.P. 12(b)(5) — namely, that to state a claim for relief, a plaintiff must allege sufficient facts that, when accepted as true and taken in the light most favorable to them, state a plausible claim for relief. *See Warne*, ¶ 1. The motion also correctly explained that, when evaluating a motion to dismiss under C.R.C.P. 12(b)(5), a district court may refer to documents attached to or referenced in the complaint without converting the motion to one for summary judgment. *See Yadon v. Lowry*, 126 P.3d 332, 336 (Colo. App. 2005).

¶ 14 In sum, Deutsche Bank argued in its motion that, even taking McMechan's allegations in her complaint as true, she still failed to state a claim for relief. This is the proper standard for evaluating a motion to dismiss for failure to state a clam. *See Bewley*, ¶ 14. And McMechan doesn't direct us to anywhere in the motion where Deutsche Bank improperly recited the law related to a C.R.C.P. 12(b)(5) motion to dismiss. Nor does the record indicate that the district court applied a different or improper standard. Therefore, upon our review of the record, we aren't persuaded that the district court applied the wrong standard in granting Deutsche Bank's motion to dismiss.

¶ 15 As part of this argument, McMechan appears to contend that it's contradictory for the district court to have granted McMechan's ex parte motion for a TRO at the outset of the case and then later granted Deutsche Bank's motion to dismiss under C.R.C.P. 12(b)(5). But McMechan conflates the standards for granting these two different filings.

¶ 16 "The purpose of a [TRO] is to prevent 'immediate and irreparable harm' to one of the parties in a lawsuit." *City of Golden v. Simpson*, 83 P.3d 87, 96 (Colo. 2004) (quoting *Mile High Kennel*

*Club v. Colo. Greyhound Breeders Ass'n*, 559 P.2d 1120, 1121 (Colo. App. 1977)). Indeed, a TRO can be granted — as it was here — "without notice to the party to be restrained." *Id.* (citing C.R.C.P. 65(b)). A court's ruling on a TRO isn't a decision on the merits of a party's claim. Instead, the purpose of a TRO is to preserve the status quo and prevent irreparable harm "*prior* to a decision on the merits of a case." *Anderson v. Applewood Water Ass'n*, 2016 COA 162, ¶ 15 (emphasis added). "A permanent injunction, on the other hand, requires success on the merits of the case." *Simpson*, 83 P.3d at 96.

¶ 17  Simply put, nothing about the district court's granting of the TRO has any bearing on whether the district court properly dismissed McMechan's complaint for failure to state a claim. And McMechan cites no authority in support of her contrary contention. As such, we don't see any inconsistency with the district court's granting McMechan's TRO and then later granting Deutsche Bank's motion to dismiss under C.R.C.P. 12(b)(5).

2.  Resolution on the Merits Argument

¶ 18  Second, citing *Craig v. Rider*, 651 P.2d 397 (Colo. 1982); *Group 1 Services, Ltd. v. Michilleti*, 650 P.2d 1305 (Colo. App. 1982);

9

and *Farber v. Green Shoe Mfg., Co.*, 596 P.2d 398 (Colo. App. 1979), overruled by, *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.*, 698 P.2d 1340 (Colo. 1985), McMechan asserts that the district court erred in granting the motion to dismiss because "Colorado law favors resolution of disputes on the merits." This general policy doesn't countermand the fact that, when a complaint fails to state a claim for relief, a district court dismisses the case upon a properly founded motion.

¶ 19    Further, the three cases McMechan cites to support this argument are inapplicable. Although those cases express a preference for resolution of disputes on their merits, the dismissals in those cases were for procedural reasons, rather than dismissals under C.R.C.P. 12(b)(5) for failure to state a claim. *See Craig*, 651 P.2d at 402-03 (explaining that "[r]esolution of disputes on their merits is favored" in the context of setting aside default judgments); *Group 1 Servs.*, 650 P.2d at 1306 (reversing the district court's dismissal of a case when the plaintiff failed to comply with a local rule on the contents of a filing); *Farber*, 596 P.2d at 399-400 (reversing a district court's dismissal of a case based on a failure to prosecute).

¶ 20    Simply put, although there may be a general presumption favoring resolving cases on the merits, McMechan doesn't explain how this general presumption saves her complaint.  To put a sharper point on it, McMechan doesn't explain how her complaint plausibly states a claim for relief.[3]

### 3.    Summary

¶ 21    Neither of the arguments McMechan advances on appeal provide a basis for reversing the district court's judgment dismissing her complaint with prejudice.  And on appeal McMechan doesn't argue — at least, not in any developed way — that the district court shouldn't have dismissed her complaint under C.R.C.P. 12(b)(5) because it properly stated a claim for relief.

---

[3] McMechan also cites *Hudak v. Medical Lien Management, Inc.*, 2013 COA 83, ¶ 9, and *Nelson v. Blacker*, 701 P.2d 135, 137 (Colo. App. 1985), to challenge the district court's dismissal of her case with prejudice, rather than without prejudice.  While these cases explain that dismissal with prejudice is a drastic sanction to be applied only in extreme situations, *see Hudak*, ¶ 9; *Nelson*, 701 P.2d at 137, both cases address dismissals for failure to prosecute under C.R.C.P. 41(b), *see Hudak*, ¶ 6; *Nelson*, 701 P.2d at 137. McMechan doesn't explain how or why these cases are applicable to a motion to dismiss under C.R.C.P. 12(b)(5), nor does she develop any argument as to why dismissal with prejudice was inappropriate here.  So we decline to address this undeveloped argument further. *See Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007) (declining to address "underdeveloped arguments").

¶ 22    By granting Deutsche Bank's motion, the district court agreed with Deutsche Bank that (1) McMechan lacked standing to challenge the loan assignments; (2) any alleged verbal loan modification was contrary to the CASF; and (3) Deutsche Bank didn't need to produce the original, wet ink note to foreclose. Deutsche Bank also cited legal support in its motion for each of these arguments.

¶ 23    Nowhere in her opening brief does McMechan make, much less develop, an argument that these legal conclusions are erroneous. Because McMechan doesn't challenge these legal conclusions on appeal, we offer no opinion as to whether they were correct. *See Compos v. People*, 2021 CO 19, ¶ 35 (noting that under the party presentation principle, parties "are responsible for advancing the facts and arguments entitling them to relief" (quoting *Greenlaw v. United States*, 554 U.S. 237, 244 (2008))). Instead, we assume without deciding that the legal conclusions were correct because McMechan has offered us no argument to the contrary. *Id.*

¶ 24    In summary, based on the arguments McMechan advances in her opening brief, we discern no basis for reversing the district court's grant of Deutsche Bank's motion to dismiss because (1) the

record demonstrates that it applied the correct legal standard in granting the motion and (2) a general principle that Colorado law favors resolution on the merits doesn't render granting the motion erroneous.

## III. Appellate Attorney Fees

¶ 25 Deutsche Bank requests an award of its attorney fees under section 13-17-102, C.R.S. 2025. It argues that McMechan's appeal lacks substantial justification, was interposed for delay or harassment, and has unnecessarily expanded the proceedings. *See Munoz v. Measner*, 247 P.3d 1031, 1034 (Colo. 2011).

¶ 26 Even though we affirm the judgment, we conclude that McMechan's appeal isn't frivolous; thus we decline Deutsche Bank's request for an award of attorney fees for defending this appeal. *See Padilla v. Ghuman*, 183 P.3d 653, 665 (Colo. App. 2007); *see also In re Estate of Shimizu*, 2016 COA 163, ¶ 34 (declining a request for attorney fees on appeal under section 13-17-102 because, even though the appellant didn't prevail, her contentions weren't frivolous).

## IV. Disposition

¶ 27 The judgment is affirmed.

JUDGE GOMEZ and JUDGE SULLIVAN concur.